EMMA M. LEBKEUCHER, RESPONDENT, v. PENNSYLVANIA
RAILROAD COMPANY, APPELLANT.

Submitted November 30, 1921—Decided February 21, 1922.

1. The plaintiff, upon disembarking from a railroad train, deliv-
ered to an agent in charge of the parcel room at the station two
parcels, received from the agent two checks, and paid him ten
cents for each of the parcels checked. The agent, upon presenta-
tion later of one of the checks, stated that the parcel checked,
a suit case, had been by mistake delivered to another. Suit was
instituted against the railroad company to recover the value of
the suit case and contents. At the parcel room notices limiting
the liability of the railroad company to twenty-five dollars in the
event of loss were posted, and a like notice in the form of a con-
tract was printed on the back of the checks. The District Court
found as a fact that the plaintiff did not know and had not been
apprised of the contents of the notices limiting liability. *Held*,
that no duty was imposed upon the plaintiff to read the check,
and that the plaintiff, in the absence of knowledge from the rail-
road company of the special terms upon which the bailment was
accepted, could recover the value of the suit case and contents.
2. While the measure of damages for lost articles is their market
value at the time of loss, yet the original cost, being an element
to be considered with others in ascertaining the market value,
may be received in evidence.

On appeal from the District Court of the second judicial
district of the county of Essex.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the appellant, *Wall, Haight, Carey & Hartpence.*

For the respondent, *Gustave Haussling.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal by the defendant be-
low from a judgment entered in the District Court of the
second judicial district of the county of Essex. On January
31st, 1921, Mrs. Emma L. Lebkeucher, the plaintiff, arrived

at the Market street station of the Pennsylvania railroad, in the city of Newark, from Harrisburg, Pennsylvania. Upon disembarking, a porter carried, by her direction, to the parcel room of the station, a suit case and a hat box. These were delivered to the agent in charge of the parcel room and Mrs. Lebkeucher received two checks and paid to the agent ten cents for each of the parcels checked. The agent placed the duplicate checks upon the suit case and hat box. In about three-quarters of an hour, Mrs. Lebkeucher returned and presented the checks to the agent. He delivered to her the hat box and informed her that he had delivered to another person by mistake the suit case, for which she held the check. The railroad company failed in its efforts to recover the suit case. Mrs. Lebkeucher then instituted this action against the railroad company to recover the value of the suit case and its contents. Upon the back of the check there was printed an endorsement, reading as follows:

"The person accepting this check hereby agrees in consideration of the low rate at which it is issued, that no claim in excess of $25 shall be made against the railroad company for the loss of, or injury to, any package, valise or other article which may have been deposited with it and for which this check has been issued."

In the parcel room there was posted inside at the window a notice to the effect that the railroad company would not be responsible for loss, damage or detention of articles left in storage for any amount in excess of $25.

The opinion and findings of the trial court, based upon the requests of the defendant, cover fully and ably the questions presented. The court declined to find for the defendant or to limit its liability to $25, upon the theory that the terms and conditions of the check and placards were binding upon the plaintiff, and found that the defendant was guilty of negligence in failing to return the suit case to the plaintiff; that the plaintiff was not chargeable with notice of the terms and conditions printed on the checks and placards, and as a fact did not know the contents thereof and had not been apprised

thereof by the agent in charge of the parcel room; that the checks and placards did not constitute a, contract limiting the liability of the defendant; that the bailment was one for hire and the mutual benefit of the parties; that the bailee was bound to use ordinary care in safeguarding the plaintiff's property, and, as a fact, it did not use ordinary care and the defendant was liable for the value of the suit case and contents.

The findings of fact made by the trial court to the effect that the plaintiff did not know and had not been informed by the agent of the defendant of the contents of the check and placards differentiates this case from those cases where the bailor has accepted a check with full knowledge of the limitation of the bailee's liability therein expressed. In the present case, as the trial court found that there was no express contract made between the parties limiting the railroad company's liability, the only contention which can be made by the appellant to reverse the judgment is that the burden was upon the plaintiff to ascertain the terms on which the defendant accepted the bailment, and that as the terms were printed on the checks and posted in the parcel room these terms were binding upon the plaintiff as an implied contract and determined the extent of the defendant's liability. This is in fact the contention made by the appellant. The railroad company's insistence is that the burden was on the plaintiff to ascertain the terms on which it accepted the bailment and not upon it to see that these terms were brought specifically to the attention of the plaintiff. This contention of the appellant we cannot accept. We concede that there are cases supporting this contention, but feel that the weight and reason of the contrary view should prevail. The rights, duties and liabilities of the bailor and bailee must be determined from the terms of the contract between the parties, whether express or implied. Where there is an express contract, the terms thereof control, since both the bailor and the bailee are entitled to impose on each other any terms they respectively may choose, and their express agreement will prevail against gen-

eral principles of law applicable in the absence of such an agreement. 6 *Corp. Jur.* 1110, § 42. The parties to a bailment may diminish the liability of the bailee by special contract, the principle being that the bailee may impose whatever terms he chooses, if he gives the bailor notice that there are special terms and the means of knowing what they are; and if the bailor chooses to make the bailment he is bound by them, provided the contract is not in violation of the law or of public policy, and that it stops short of protection in case of fraud or negligence of the bailee; and provided further, that the terms of the contract are clear, such stipulations being strictly construed. 6 *Corp. Jur.* 1112, § 44.

This, we think, a correct statement of the law. The bailee must bring home to the bailor notice of the special terms upon which the bailment is accepted in order to limit liability. In the present case, the District Court found as a fact that Mrs. Lebkeucher did not know and was not informed of the limitation of the liability, expressed on the check or upon the placards. In this court we must accept the findings of fact made by the District Court, if there be evidence to support them. There was such evidence in the case. It being necessary for the bailee to give to the bailor notice of the special terms of limitation of liability, and the trial court having found that such notice was not given, it follows that the bailee is responsible for the value of the suit case and contents and is precluded from limiting its liability therefor to $25.

The case of *Healy* v. *New York Central and Hudson River Railroad Co.*, 153 *App. Div.* 516; *affirmed*, 210 *N. Y.* 646, sustains this view. In this case a man checked a hand bag at a station and received a check containing on the back thereof a limitation of liability to $10, to which his attention was not called. The hand bag was lost. It was held that the bailor could recover the value of the bag and contents. In a concurring opinion in this case it was said: "If he [bailor] did not know it [purported limitation of liability to $10], I think the law imposed no duty upon him to read his check to find whether or not there was a contract printed thereon, or that

he was guilty of negligence in not so reading it, because he had no reason to apprehend that a contract was printed thereon." This case was followed in *Dodge* v. *Nashville, Chattanooga and St. Louis Railroad Co.,* 215 S. W. Rep. 274.

The view which we have expressed finds support in our own state in the case of *Hill* v. *Adams Express Co.* (*Court of Errors and Appeals*), 82 N. J. L. 373, which, although not a case between bailor and bailee, but between carrier and shipper, holds that where there is no assent by the shipper to the limitation of the value of the goods, nor knowledge that the carrier's receipt contained a contract limiting the liability of the carrier, the limitation is not binding upon the shipper. We cannot see any sound basis for holding differently merely because the relation between the parties is that of bailor and bailee rather than that of shipper and carrier.

The appellant further contends that the evidence discloses no negligence. The District Court held otherwise, and we feel that the failure of the agent of the defendant in the parcel room to return the plaintiff's suit case within an hour of the time she had checked it and the admission that it had been delivered to another is sufficient evidence to warrant the finding of negligence on the part of the defendant.

The suit case contained articles of wearing apparel and adornment. The plaintiff was permitted to testify as to the cost of many of these articles. Exceptions to the admission of this testimony were taken and are urged on this appeal. While the measure of damages was not the original cost but the market value of the lost articles, yet original cost is an element to be considered with others in ascertaining the market value at the time of loss. We think the testimony admissible upon the authority of *Luce* v. *Jones,* 39 N. J. L. 707.

The judgment will be affirmed, with costs.