DAVID GOLDBERG, APPELLANT, v. WILLIAM REED, RESPONDENT.

Argued November 16, 1921—Decided March 6, 1922.

Where premises are fraudulently misrepresented by the landlord to be in good condition, when in fact they are offensive to the sense of smell, and unsanitary, the tenant has a legal right to move out; and such fraudulent conduct of the landlord is evidence of a constructive eviction in an action for rent accruing after abandonment by the tenant.

On appeal from the Supreme Court.

For the appellant, *Louis A. Cowley.*

For the respondent, *Harry Weinberger.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    David Goldberg, the present appellant, brought suit in the Paterson District Court to recover from William Reed, the respondent, seven months' rent alleged to have accrued under a lease made by the appellant to Reed and which the latter had not paid.   The defence was a constructive eviction by the landlord prior to the accruing of the rent which was the subject-matter of the suit; and upon the proofs submitted at the trial the District Court held that this defence had been made out and gave judgment accordingly.    From that judgment Goldberg appealed to the Supreme Court, and that tribunal affirmed the judgment. The present appeal is taken from the judgment of affirmance.

The demised premises consisted of a store on the first floor, with a cellar underneath and living rooms above.   The lessee was put in possession of the residential part of the premises at the beginning of the term, but did not obtain possession of the store and cellar until some time later, because the tenant in the occupation thereof at the time the term of the lease began to run did not move out until some three or four weeks after the termination of his leasehold estate.   These facts were not in dispute.

The defendant submitted evidence showing that when he was given possession of the store and the cellar he found the latter partially flooded with water, and that this condition existed at the time his lease was executed.   He also submitted evidence that the toilet in the store was in an unsanitary condition, and that it constantly emitted offensive odors, which were so pervasive that they were quite noticeable even in the living rooms above.   There was also evidence submitted by him showing that these conditions had not been discovered by him at the time of the making of the lease, and that he was induced to execute that instrument by reason of the representation of the plaintiff that both the store and the cellar were in good condition.

No specific statement of the facts found by the trial court has been sent up with the state of the case; but it must be assumed in considering the validity of the judgment that all

of the facts tending to support it, and of which there was proof, were· found by the trial court; that is to say, that the court found as facts that the premises were unsanitary to such an extent as to constitute a nuisance; that their condition was fraudulently misrepresented· by the plaintiff, and that the defendant had neither knowledge nor notice thereof until after he had entered into possession.

It is entirely settled that the determination of questions of fact by the judge of the District Court sitting without a jury is final between the parties when there is legal evidence to support it. *Upton* v. *Slater,* 83 *N. J. L.* 373; *Closter Dairy Farms* v. *New York Central, &c., Railroad Co.,* 88 *Id.* 557; *S. C. on appeal,* 89 *Id.* 709. The question for determination, therefore, is whether the judgment appealed from was justified by the facts which we must presume were found by the District Court.

In the case of *Murray* v. *Albertson,* 50 *N. J. L.* 167, this court declared that, although the general doctrine of the law is that on a demise of a house and lands there is no contract or condition implied that the premises shall be fit and suitable for the use for which the lessee requires them, and that consequently their unfitness for such a purpose will not justify the tenant in abandoning the premises or constitute a defence to an action for rent, this doctrine does not apply where there has been a fraudulent misrepresentation or concealment as to the state of the premises which were the subject of the letting. Where the fraudulent misrepresentation relates to the condition of the demised premises—that is, where, as in the present case, they are represented to be in good condition, when in fact they are offensive to the sense of smell and unsanitary, the tenant has a legal right to move out, and the conduct of the landlord is evidence of a constructive eviction in answer to his claim for rent accruing after such abandonment by the tenant. *Weiler* v. *Pancoast,* 71 *Id.* 414.

We conclude, therefore, that the judgment of the Supreme Court· affirming the judgment entered in the Paterson District Court should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.