HARRY KOLMETSKY v. BERNARD PELLICOFF.

Decided March 19, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Cole & Cole.*

For the respondent, *Thompson & Hanstein.*

PER CURIAM.

The plaintiff and defendant entered into a contract, by the terms of which the plaintiff was to make alterations in and additions to an apartment house of the defendant in Atlantic City, furnishing all the material and doing all the work required for that purpose. This contract was in writing, and was made on the 4th of November, 1924, and specified the alterations and additions which were to be made and the price to be paid for the same. Subsequently certain changes and additions not provided in the original contract were ordered by the defendant and the work and materials required therefor were furnished by the plaintiff. This subsequent agreement was oral, and provided that the price to be paid by the defendant for its performance should be adjusted after the building was completed. The present suit was brought to recover the reasonable compensation to which the plaintiff was entitled for the work done and materials furnished under this verbal contract. The trial resulted in a verdict for the plaintiff, the jury awarding him $9,000.

The first ground upon which it is contended that this judgment should be reversed is that it was error for the court to submit the case to the jury upon the theory of a subsequent and independent contract, and that the plaintiff should have been nonsuited or a verdict directed against him for this reason. It is entirely settled by the decision of the Court of Errors and Appeals in *Headley* v. *Cavalier,* 82 *N. J. L.* 635, and subsequent cases, that when it appears that subsequent to the execution of the original contract and during the progress of the work (as was the present situation), the owner and contractor made further agreements with relation to changes or alterations and expressly agreed that a reasonable price should be charged and paid therefor, the jury is entitled to base its action upon the subsequent and further agreements.

The next point is that the court improperly allowed the following question, which was put to the plaintiff: "Now, where you do extra work and the price is to be adjusted after the contract is completed, what is the usual allowance or arrangement as to profit?" The argument is that this question was improper because the right of recovery was limited to the true value of the work done and materials furnished. But, in our opinion, true value necessarily includes a reasonable profit, and testimony as to what "the usual allowance as to profit" is becomes an element in determining what is the reasonable value of the work and labor done and materials furnished; that is, what is a reasonable compensation to be paid therefor.

It is next argued that the trial court erroneously admitted in evidence bills for materials furnished to, and work done for, the plaintiff by third persons. They were objected to on the ground that they were incompetent unless proved by the people who furnished the materials or did the work. The bills in question were for work done and materials furnished by third persons employed by the plaintiff in the execution of the contract which was the basis of the suit; and, according to the testimony of the latter, had been paid by him. They were confirmatory of his testimony, and were admissible for that purpose, notwithstanding the fact that the persons

who presented them to the plaintiff for payment, and who were in fact paid the amounts called for therein, were not produced by the plaintiff for the purpose of verifying their accuracy.

The last reason for reversal is that the court erred in charging the jury that its verdict must be based upon the supplemental contract and not at all upon the original contract between the parties. The suit was based entirely upon the supplemental contract, and what has already been stated is dispositive of this contention.

The judgment under review will be affirmed.