MORGAN J. DONOVAN AND LILLIAN DONOVAN, RESPONDENTS, v. PERCY LIMOUZE, APPELLANT.

Submitted October 30, 1931—Decided February 1, 1932.

For the appellant, *J. Emil Walscheid.*

For the respondents, *Fox & Cohen* (*G. Earl Brugler,* on the brief).

The opinion of the court was delivered by

CAMPBELL, J. The action was for damages for an alleged assault and battery by the appellant upon the respondent, Lillian Donovan; the trial of the action resulting in a verdict in favor of the latter for $2,000 and in favor of her husband, the other respondent, for $500.

We are asked to reverse the judgments entered thereon for two reasons:

1. Error of the trial court in refusing to permit counsel, for defendant below, to complete the question addressed to the witness, Mabel E. Limouze, "Did you either before that date in July or August, 1930, or subsequent to November, 1930, say to Mr. Sol Derini——"?

It is urged that the object of this question was to lay a foundation for the purpose of contradicting the witness.

Such foundation had already been laid in that the witness had testified that she had not spoken to Sol Derini subsequent to December, 1929. The completion of the question and an answer thereto would have been mere repetition and would have presented no more firm a foundation for contradiction than had already been laid.

The action of the trial court was not erroneous.

2. Error of the trial court in sustaining objections to three questions in the cross-examination of Dr. John Botti, a witness produced by the plaintiffs below.

One of the elements of damage alleged was a miscarriage and these three questions were directed to the proposition that a mere hysterical condition, without a blow, would probably cause the miscarriage complained of.

Cross-examination in this direction was, of course, proper, but this witness had already, upon cross-examination, testified that hysteria, shock or emotional condition would produce and bring on the miscarriage complained of.

The control of examination, both direct and cross, resides in the trial judge so that the proofs may be kept within reasonable bounds.

"It is essential to the orderly administration of justice, and to the upholding of the dignity of the court, that trial judges, to the fullest extent should have control * * * of the conduct of causes before them. In this respect, a trial court is vested with a wide discretion and this court will not interfere with the exercise of such discretion * * * unless there has been an abuse or a most unwise use thereof." *Stein* v. *Goodenough, 73 N. J. L.* 812, 816.

We are unable to see that the trial court unduly limited the cross-examination and we are equally unable to see how the appellant was in anywise injured by such action.

The judgments under review are affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.