SERVICE FUEL OIL COMPANY, PLAINTIFF-APPELLANT, v. HOBOKEN BANK FOR SAVINGS, DEFENDANT-RESPONDENT.

Submitted October 16, 1936—Decided April 13, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the appellant, *Solkind L. Levenson* (*Jacob L. Bernstein,* of counsel).

For the respondent, *Pierson & Brand* (*John D. Pierson,* of counsel).

The opinion of the court was delivered by

HEHER, J.   Plaintiff sued for the price of fuel oil "sold and delivered to the defendant," at the latter's request.   The asserted cause of action was pleaded in two counts, viz.: (1) for the price of goods sold and delivered to defendant, and (2) upon a "book account," which, so far as is disclosed

by the state of demand and the copy of the attached account, did not run against defendant.

The question of whether defendant undertook and promised to pay in manner and form thus charged elicited conflicting evidence. Defendant's interest in the premises so serviced was that of a mere mortgagee; the owner was in possession. Plaintiff asserted an absolute undertaking by defendant to pay for the oil delivered to the premises, while defendant, denying the authority of its agent to so contract in its behalf, maintained that the agent's promise was "to pay out of funds if and when deposited to us" by the owner from the rents collected.

It is fundamental in the District Court act, made so by express provision (2 *Comp. Stat.* 1910, *p.* 2012, § 205), that findings of fact by the trial judge on conflicting evidence, or on uncontroverted evidence reasonably susceptible of conflicting inferences, are conclusive on appeal. *Pollack* v. *New Jersey Bell Telephone Co.,* 116 *N. J. L.* 28.

Nor is there any merit in the claim that the principle of unjust enrichment entitles appellant to a recovery. This is primarily based upon the payment to defendant of rents collected by a receiver appointed in foreclosure proceedings subsequently instituted. Otherwise, it has no factual basis. Plaintiff did not invoke this principle in pleading its cause of action; nor was the case tried on that theory. Moreover, it has no relevancy to the case in hand. The doctrine of unjust enrichment is not applicable in the circumstances. *P. Ballantine & Sons* v. *Gulka,* 117 *N. J. L.* 84. As was said in that case, such obligation as the transaction imposed "is purely contractual in nature; and it is an established principle, fundamental in the law of contracts, that a contractual obligation arises from the mutual consent of the parties only."

The receipt, as mortgagee, of rents collected by the receiver during the pendency of the foreclosure proceedings does not, in equity and good conscience, impose upon defendant, regardless of its contractual intention, the obligation to pay the price of fuel oil delivered to the owner of the premises. The

law does not, in such circumstances, raise an obligation enforceable in an action of *assumpsit*—one that is *quasi-*contractual in nature, as distinguished from a liability arising from the mutual assent of the parties, express or implied in fact. This is not a benefit that, tested by equitable principles, laid such a duty upon defendant; there is nothing in the retention of these moneys that renders defendant's conduct inequitable, and therefore serves as the basis for a recovery on the theory of unjust enrichment. This proposition is so plainly indisputable as to need no argument to sustain it.

And there was no error in the admission of testimony tending to identify the owner of the premises in question. It came in on the cross-examination of the plaintiff's witness Weider, the owner's representative in charge of the premises, and bore upon the credibility of the witness, if not admissible for other purposes. For the purpose of testing the truthfulness, accuracy, judgment and credibility of a witness, great latitude is allowed on cross-examination. The scope of this inquiry is left to the discretion of the trial judge; and, unless palpably abused, its exercise is not reviewable on error. 2 *Wigmore on Evidence* (2d ed.) § 944. So appraised, the challenged ruling did not constitute reversible error.

Judgment affirmed, with costs.