ANGELINA TROVATO, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF AMBROSE TROVATO, DE-
CEASED, PLAINTIFF-RESPONDENT, v. COSMO CA-
POZZI, DEFENDANT-APPELLANT.

Argued May 20, 1937—Decided October 26, 1937.

For the plaintiff-respondent, *Joseph F. S. Fitzpatrick.*

For the defendant-appellant, *Collins & Corbin, Edward A. Markley* and *Charles W. Broadhurst.*

The opinion of the court was delivered by

WOLFSKEIL, J. This suit was brought under the Death act to recover for the pecuniary loss sustained by the next of kin of Ambrose Trovato who was killed while an occupant of an automobile owned by the defendant. The sole issue contested was the question as to who was driving the car, the defendant or Trovato.

On the day of the fatal accident it appears that the defendant, with the deceased and two companions, started out in an automobile, stopped at a Turkish bath in Newark, and then at several taverns where the party consumed beer and liquor.

Immediately prior to the accident, the car was seen by the witness De Lena, as it was passing the entrance to a golf club where the witness in question had been working as a caddy. He testified that the defendant and not the deceased

was driving. There were four trials and on each occasion the plaintiff's case, as to who was driving the car, depended on the testimony ·of this same witness. On cross-examination by appellant's counsel his credibility was affected to some degree, yet two juries believed him, one did not, and one disagreed. As against this the defense witnesses who saw the happening said that the decedent was the driver of the car. This testimony was evidently rejected by the jury because most of these witnesses were friends of the defendant. The appellant, after an unfavorable verdict in the fourth trial, did not see fit to challenge the finding of fact on rule to show cause before the trial court, or elsewhere, and for the most part the argument in this tribunal, on appeal, seems to be directed to the weight of evidence that was before the trial court and the jury on the third trial.

The outstanding judgment is the result of a verdict after the fourth trial and the appellant's challenge here is directed to the action of the trial court in making rule to show cause absolute after verdict in the third trial. It should be noted that the appellant points to no particular abuse of discretion and that the reasons assigned on rule to show cause after the third trial, in addition to the verdict being against the weight of the evidence, are that the verdict was the result of passion, prejudice or mistake and contrary to the charge of the court.

There is nothing in the order setting aside the finding and judgment resulting from the third trial or the state of the case which would indicate what prompted the trial judge to make the rule to show cause absolute. It may have been for any of the various reasons assigned. It will be presumed, where an order granting a new trial does not show the specific · ground on which it was granted, that all of the grounds specified in the motion were considered by the trial court, and that the motion was sustained on every ground stated therein. 5 C. J. S., tit. "Appeal and Error," p. 444, ¶ 1571; Beechler v. Huber, 114 N. J. L. 256.

Of course the fundamental rule is that in granting or refusing a new trial, the trial court is exercising a discretionary power and that its discretion is not ordinarily review-

able on appeal. *Pariser* v. *Pasteelnick,* 95 *N. J. L.* 260; *DeFronzo* v. *Public Service Co-ordinated Transport,* 116 *Id.* 116. The appellant, disregarding this well settled rule, attempts by this appeal to have this court substitute its judgment for that of the trial court. But this may not be. The trial court heard the witnesses and had the opportunity of observing the demeanor of each of them as he testified, whereas all we can do is to appraise the printed stenographic transcript of what they said. If the action of the trial court in ordering a new trial is to be reviewed at all in error, it is reversible only for the plainest abuse of discretion, and it is not so plain in the present case as to call for this exceptional action on the part of the appellate court.

The judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 14.

*For reversal*—None.