LENA G. SPATUZZI, PLAINTIFF-RESPONDENT, v. STAR
AUTO TRUCK EXCHANGE, INCORPORATED, AND IRV-
ING J. MARKS, DEFENDANTS-APPELLANTS.

Argued October 19, 1937—Decided January 26, 1938.

For the appellant, *Abraham Alboum.*

For the respondent, *Robert Carey, Jr.*

The opinion of the court was delivered by

PARKER, J.   The suit was in trover for the value of three
used motor trucks seized and sold by the corporate defendant
acting through defendant Marks as bailiff, by virtue or under
color of one or more conditional sales contracts covering the
three trucks and five others, between the Star corporation as
vendor and Edward Shinn, Jr., and Anthony Spatuzzi as
vendees.   Plaintiff is the wife of Anthony Spatuzzi; and her
claim was that the seizure and sale of the three trucks was
illegal because as to the three and one other, the contracts

with Shinn and her husband had been satisfied and superseded by the transfer of vendees' interest therein to her by Shinn and Spatuzzi and a new conditional sale contract between the Star corporation and herself, which had not been breached. With the precise legal steps taken for this novation or substitution, we are not particularly concerned. The questions at the trial were, in this aspect, the *bona fides* of the shift from husband to wife, and of the new conditional sales contract for four specified trucks, running to the plaintiff wife as vendee for a stated consideration of $685, payable $385 in three months, and $300 in twelve months. For the plaintiff the testimony was that Shinn and her husband, who had been in a sort of partnership, formal or informal, had purchased the eight trucks by conditional sales, and had agreed to separate, each to have four; that plaintiff, claiming to have advanced money to her husband, required the vendees' interest in the four trucks to be transferred to her; and that to accomplish this, the husband surrendered his interest to the Star corporation, and the latter made a new contract of conditional sale to the wife, the $685 being substantially half of what remained unpaid on the eight trucks. This new contract was duly executed and put in evidence. Defendant corporation claimed in substance that it was a mere cover and intended to protect the husband from certain real or supposed creditors. This was of course contradicted, and was left to the jury by the trial judge. That course was, if anything, too favorable to the defendant, as we have difficulty in seeing how the Star corporation, a party to the transaction and a signatory to the new contract, was entitled to attack it, and in an action at law. However, the jury disposed of this claim on the facts and in favor of plaintiff. With respect to the new contract running to her for four trucks, her claim was that the payment of $385 in three months was more than met by the sale of one of the trucks for $525 and the receipt of the proceeds by the defendant. The sale and receipt of the money were not disputed, but defendant corporation applied it, not to the $685 item, but to the former contract with Shinn and Spatuzzi as still a live contract. This was

the *gravamen* of the plaintiff's case. The questions of fact were fully and fairly laid before the jury in a careful charge, and resolved in favor of the plaintiff.

We take up the legal matters involved.

The first claim for appellants is that there was error in refusing to nonsuit; and this is put upon six grounds in the brief. We find only three urged at the trial. The first was that plaintiff had defaulted. But this seems to have been predicated on the hypothesis that the prior contracts with Shinn and Spatuzzi were still in force. If this was in dispute on the facts, the dispute was to be settled by the jury. The $685 contract with plaintiff was clearly proven, and if valid, the next question, naturally for the jury, was whether the $525 collected for one of the trucks described therein was applicable to that contract. If so, there was no default.

The second point was that there should have been a demand, and that there was none. There was evidence of a demand before the bailiff's sale, or a written claim of property, which would amount to the same thing; but apart from this the court ruled properly that no demand was necessary as a basis for the suit, as the property had been actually converted. *Woodside* v. *Adams,* 40 *N. J. L.* 430, cited for appellant.

The third ground relied on at the trial requires the recital of some additional facts. The trucks appear to have been stored with a corporation called International Excavating Company, which claimed a lien against Shinn and Spatuzzi for storage or service, or both, and had undertaken to sell to satisfy that lien. The Star corporation intervened in some way, with the result that the sale for garage lien was apparently abandoned, the sale under color of the Shinn and Spatuzzi contracts proceeded, and International bought in at that sale. International was made a party defendant in this suit, and as to that company, there was a nonsuit, the propriety of which is not now before us.

The claim of International was not adjudicated and was specifically denied by plaintiff and her husband. If a failure of the vendees to pay International was a "default" for which the contract of conditional sale could be forfeit by Star,

such failure to pay was at least a question for the jury. The nonsuit was properly denied. A motion to direct a verdict on the same grounds was also properly denied.

The second main point is that error was committed in the reception of evidence. (A) In admitting evidence.

1. The plaintiff, testifying with the aid of a paper admitted in evidence expressly without objection, undertook to state the values of the trucks as appearing thereon. It was objected that the values appeared to be the original purchase prices, as distinct from value at time of conversion. The court allowed the testimony "for what it may be worth." There was no exception, no further objection, and no motion to strike out. Hence there is nothing properly before us in this particular. Moreover, the testimony was competent. *State* v. *Duelks*, 97 *N. J. L.* 43, 47.

2. The witness Hurley was properly allowed to testify to the exact time of speaking to defendant Marks, using a memorandum he had himself dictated, and as he stated that he could not recollect the exact time without it.

3. Hurley testified that he had gone to a telephone booth to check up on the exact time and received it. This was objected to as hearsay, but was harmless as the "exact time" was not then stated. But thereafter he testified, without objection, that the time was 2.04. Later, after some more testimony had been given, without objection, counsel for defendant said, "I ask an exception to all this testimony." The exception was, of course, futile as not supported by any timely objection. On re-direct, Hurley was asked further about the time. Counsel objected to a question; it was allowed (no exception), then answered, counsel objected and moved to strike out the answer, but stated no grounds; the court refused, and exception was prayed; but it came too late, even if the objection was properly made, which it was not. It is now argued in the brief that telephone conversations are not competent unless the voice is recognized. No such ground was stated at the trial.

4. A witness named Riemer was called as an expert on the value of the trucks, and certain hypothetical questions

were asked and answered, as claimed, over objection and exception. But not one question is specifically laid before us, and hence we find nothing on which to rule. We understand the rule to be general that the appellate court is not required to search for error, but that it should be plainly pointed out.

5. On re-direct, Spatuzzi testified that he was called to the office of International (that concern being still a defendant in the cause) and had a conversation with one Leo Reilly, whom he identified in court; that this was four or five months before the seizure of the trucks; and that Reilly suggested that Spatuzzi go into bankruptcy and let them (International) have the trucks. This line of examination continued at some length, and objections were interposed from time to time by counsel for International, but none by counsel for Star, the present appellant. Now it is argued for appellant that a motion to strike out certain testimony, made by counsel for International, should have been granted. But obviously, counsel for Star, having assented *sub silentio* to the admission of this testimony, is not in a position to challenge it on appeal.

(B) In excluding evidence.

It is charged that certain questions on the part of defendant were erroneously overruled.

As to the first one argued, we find no exception to the ruling.

As to two others, there was exception; but the argument thereon, if it can be called argument, is that there was error in sustaining the objections "for the reasons previously stated in this brief." This passage occurs at page 42 of the brief. We are left in the dark as to where, in the first forty-one pages, the reasons are to be found, or even their general purport.

The next point to be considered is that "the trial court erred in refusing to declare a mistrial when thereunto moved by the defendants" (Star and Marks).

The basis of this point is that a certain line of cross-examination of a witness called for defendants was allowed

by the court over objection. The witness was Leo Reilly, with whom Spatuzzi had testified he had a conversation as noted above. Reilly, on direct, contradicted the testimony of Spatuzzi and was then cross-examined by plaintiff's counsel at great length about his connection with International and with labor union interests. To a considerable extent his answers were not favorable to plaintiff's cause. When his testimony had been completed, there was an adjournment over the week-end, and on Monday morning counsel moved a mistrial because the court had allowed a certain line of testimony on cross-examination. The court refused to declare a mistrial; and this refusal is now argued as error. Many of the questions allowed are reproduced in ground of appeal No. 19, but there is no direct argument of alleged error in admitting any of them. Nor was there any motion to strike out this Reilly testimony, as a basis for a motion to discharge the jury in case of refusal. If there was error in admitting the testimony, defendants, having their appeal as a matter of right, have not pursued it. The direction of a mistrial is a matter of discretion. *Bradley* v. *Cleary Co.*, 86 *N. J. L.* 338; *Heiler* v. *Goodman Co.*, 92 *Id.* 415; *Baunach* v. *Liebman*, 98 *Id.* 554. Even on the merits of the matter, the scope and extent of cross-examination is largely within the discretion of the trial court. *Donovan* v. *Limouze*, 108 *Id.* 494. We see no error in refusing to withdraw a juror.

The last point made for the appellants is that there were certain errors by the trial court in charging the jury. Nine such alleged errors are set up in the brief in more or less general terms and without quoting the language of the charge. This is explained on the ground that to reproduce the language would make the brief too bulky. We are not prepared to concede the soundness of this reasoning in view of the established practice; but it is not necessary to pass upon it for reasons that will presently appear.

An examination of the case shows only four exceptions to the charge. Of the nine subpoints made as above, only two of them are supported in any way by exceptions, and consequently the remainder should be disregarded as not properly raised.

Subpoint No. 2 reads as follows: (the court charged) "That Spatuzzi was plaintiff's agent for certain things, but that plaintiff denied that he was her agent to permit $525 to be credited to the account of Shinn and Spatuzzi."

This is incorrectly quoted because what the court said was not a declaration of fact that Spatuzzi was plaintiff's agent, &c., but that Mrs. Spatuzzi denied that her husband was her agent, &c. This may or may not have been a correct statement of Mrs. Spatuzzi's testimony, but even if it were not a correct recital, it was subject to the general caution given to the jury that they were the ones to remember the testimony.

The other subpoint supported by an exception is No. 8 which reads: (the court charged) "That the burden of proof was upon Star Auto to show exactly what sum was owing from Shinn and Spatuzzi to International, and that International made no claim."

This portion of the charge we think was correct. The defense made by Star was that it was entitled to sell out the trucks under the conditional sale contract because of a clause that if any provision of the conditional bill of sale was violated, the vendees' rights might be forfeited at the option of the vendor and the property seized. The claim by Star in that regard was that the plaintiff had failed to pay International certain charges for which International had a lien, and thereby violated the conditional sale contract. It was for Star to prove this as a defense to the present action.

We conclude, therefore, that there was no error in the judgment below and it will accordingly be affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.