CATHARINE E. CLEARY, ADMINISTRATRIX, ETC., OF JOHN J. CLEARY, DECEASED, PLAINTIFF-RESPONDENT, v. CITY OF CAMDEN ET AL., DEFENDANTS; SOUTH JERSEY PORT DISTRICT, TRADING AS CAMDEN MARINE TERMINALS, DEFENDANT-APPELLANT.

Submitted October 29, 1937—Decided January 26, 1938.

For the defendant-appellant, *T. Harry Rowland* and *D. Trueman Stackhouse.*

For the plaintiff-respondent, *Walter S. Keown* and *George D. Rothermel.*

The opinion of the court was delivered by

DONGES, J. The judgment under review will be affirmed, for the reasons expressed in the opinion of Mr. Justice Perskie for the Supreme Court.

In so doing we are not approving the statement in that opinion with respect to the effect of assigned reasons for a new trial upon the reservation of exceptions in the rule to show cause why a new trial should not be granted. In that rule to show cause three reasons were assigned for a new trial. They were (a) the verdict was contrary to the weight of the evidence; (b) the verdict was excessive; (c) the verdict was the result of sympathy, passion, or prejudice on the part of the jury. On appeal to the Supreme Court appellant argued and alleged error in the refusal of the trial court to nonsuit upon motion of appellant, and in the refusal of the trial court to direct a verdict for the defendant-appellant, and also argued errors in the charge of the court.

In the situation presented by the record herein, the last ground is the only one available to appellant.

In *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497, this court, speaking by the late Chancellor Walker, said:

"This court in *Goekel* v. *Erie Railroad Co.,* 100 *N. J. L.* 279, held, that where a party obtains a rule to show cause why a verdict should not be set aside and a new trial granted, reserving exceptions, and afterwards files reasons upon which the motion for a new trial is rested, included in which are the reserved exceptions (and errors in the record, not pertinent here), and after hearing, the trial court discharges the rule, error could not thereafter be made a ground for review in an appellate court, as all reasons in support of the rule are, as an effect of the order discharging it, *res judicata*. And also held in *Margolies* v. *Goldberg,* 101 *Id.* 75, on appeal from judgments entered after defendant's rule to show cause had been discharged, the appellate court will not consider and decide any question which was assigned as ground for setting the verdict aside on the rule to show cause, such questions being *res judicata,* whether argued or not, and although not decided in terms on the rule to show cause. This is but

a statement of a familiar rule with reference to judgment *res judicata,* and that is, that parties and those in privity with them are precluded, not only as to every matter offered to sustain or defeat a demand, but as to any other admissible matter which might have been offered for that purpose. *Patterson* v. *Baker,* 51 *N. J. Eq.* 49. This case has been repeatedly cited approvingly by the courts of this state, and is a leading authority. See the cases in this court of *In re Walsh's Estate,* 80 *Id.* 565; *McMichael* v. *Horay,* 90 *N. J. L.* 142, 144; *Margolies* v. *Goldberg,* 101 *Id.* 75, 77."

In *Catteral* v. *Otis Elevator Co.,* 103 *N. J. L.* 381, speaking for this court, Mr. Justice Trenchard said:

"* * * that a reason assigned for a new trial, that the verdict is contrary to the weight of the evidence is necessarily embraced within exceptions to the refusal to nonsuit and to direct a verdict on the ground that there was no evidence of defendant's negligence and that contributory negligence of the plaintiff conclusively appeared, which were the exceptions reserved in the rules to show cause in the present case and now assigned as grounds of appeal in this court." Citing *Heller* v. *Ross,* 67 *N. J. L.* 60, and *Brown* v. *Public Service Railway Co.,* 98 *Id.* 747, 751.

To the same effect is *Robins* v. *Mack International, &c., Corp.,* 113 *N. J. L.* 377.

An exception to the rule that all reasons assigned for a new trial, whether argued on the return of the rule to show cause or not, and although not decided in terms on the rule to show cause, are *res judicata* and not available on error, exists where by order of the trial court such reason is expressly exscinded from the reasons filed for setting aside the verdict. *Molnar* v. *Hildebrecht Ice Cream Co.,* 110 *N. J. L.* 246. If not expressly exscinded by order of the court, they are subject to the rule that all reasons assigned are taken to be *res judicata* and are not thereafter available for assignment as error on appeal. *Robins* v. *Mack International, &c., Corp., supra,* and cases cited therein.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, BODINE, DONGES, HEHER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, WALKER, JJ. 12.

*For reversal*—None.