JOHN CHIESA ET AL., PLAINTIFFS-APPELLANTS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION OF THE STATE OF NEW JERSEY, GOTTHARDT REICHARDT AND FRED PAGEL, DEFENDANTS-RESPONDENTS.

LOUIS KALSTAD, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION OF THE STATE OF NEW JERSEY, GOTTHARDT REICHARDT AND FRED PAGEL, DEFENDANTS-RESPONDENTS.

Argued October 22, 1941—Decided January 29, 1942.

For the appellants, *Meehan Brothers* (*Thomas F. Meehan,* of counsel).

For the respondents, *Henry H. Fryling* (*William H. Speer* and *Arthur C. Gillette,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The single question requiring decision is whether the dismissal by the trial judge of the rule to show cause why the jury verdict in favor of defendants, in each case, should not be set aside and a new trial granted, constitutes an abuse of discretion.

On March 11th, 1939, Louis Kalstad was driving his automobile in a northerly direction along boulevard east in Weehawken, New Jersey. The boulevard was very slippery; it was covered with snow, sleet and ice. As he was approaching Fulton Street the fuel pump of his car became out of order and Kalstad drove his car to the easterly curb of the boulevard and stopped. About 25 or 30 feet in back of Kalstad's car was the parked car of one Fred Pagel. While Kalstad was in the back of his car to push it to a nearby gas station for repair and while Chiesa, who was a passenger in the car, had gotten out of the car to help Kalstad, the bus of the Public Service Co-ordinated Transport skidded and struck the Pagel car which in turn struck Kalstad, his car, and Chiesa, and caused the injuries for which Chiesa and Kalstad sought their respective damages. Chiesa had attained his majority at the time of trial and the pleadings were amended accordingly. By consent of counsel, the cases were, for the sake of convenience, tried together. Otherwise, the record submitted treats each case separately. There was a nonsuit as to Pagel and there is no complaint on that score.

In support of their charge that defendant's negligence was the proximate cause of the accident, plaintiffs, generally

stated, offered proofs that defendant's bus was operated by its driver Reichardt at an excessive rate of speed, that no warning of the approach of the bus was given, and that the tires on the wheels of the bus were not equipped with skid chains.

Defendants, on the other hand, denied liability. In support of their denial, proofs were offered, again generally stated, that the bus was operated at a very moderate rate of speed, that the brakes of the bus suddenly locked thus locking the wheels of the bus, that the slippery condition of the boulevard was the sole cause of the accident and that plaintiffs were guilty of contributory negligence. In other words, defendants claimed that the accident was unavoidable on their part.

In this posture of the proofs, it was, of course, the duty of the trial judge to submit the case to the jury for its consideration and determination. He did so. His charge was accurate, fair and comprehensive. It was free from objection on the part of the plaintiffs. The jury, in the exercise of its sole prerogative, returned a verdict in favor of defendants in each case.

On application, the trial judge allowed each plaintiff a rule to show cause why the verdict should not be set aside and a new trial granted. Among the same ten reasons assigned by each plaintiff, none was exscinded (*Cleary* v. *Camden,* 118 *N. J. L.* 215; 192 *Atl. Rep.* 29; *affirmed,* 119 *N. J. L.* 387; 196 *Atl. Rep.* 455), were (1) that the verdict was against the weight of the evidence, and (2) that the trial judge erroneously extended the scope of the cross-examination of witness Carney and the direct examination of the witness Martin relating to allegedly contradictory statements made by witness Carney as to the cause of the accident.

After hearing, the trial judge discharged each rule. A judgment in each case was entered accordingly. Plaintiffs appeal on the sole ground that the trial judge abused his discretion. The grounds here set down are the same two grounds which, as already observed, plaintiffs assigned and argued below on each rule.

1. In determining the posed question requiring decision this court has heretofore held that it "can not concern itself with the weight of evidence;" that it may not "substitute its judgment for that of the trial court," *Heuser* v. *Rothenberg,* 123 *N. J. L.* 319, 320; 8 *Atl. Rep.* (*2d*) 391; that it is only for the "plainest abuse of discretion" that it reviews in error the action of the trial judge in granting or refusing to grant a new trial; *Trovato* v. *Capozzi,* 119 *N. J. L.* 147; 194 *Atl. Rep.* 611; *Loughney* v. *Thomas,* 119 *N. J. L.* 341; 196 *Atl. Rep.* 460; *Courtney* v. *Garden State Lines,* 120 *N. J. L.* 294; 199 *Atl. Rep.* 38; and lastly this court, in *Nelson* v. *Eastern Air Lines, Inc.,* 128 *N. J. L.* 46, decided this day, has held that it is only when the attributes of "shock to reason and to justice" mark the disposition of a rule to show cause that the reason, abuse of discretion, is entertained as a ground of appeal. The case at bar does not fall within this category.

2. Nor do we think that the trial judge abused his wide discretionary power in the scope of the cross-examination of witness Carney and the direct examination of witness Martin.

Witness Carney was the police officer on duty at the time of the accident. His testimony, if believed by the jury, supported plaintiffs' version that defendants were at fault. Obviously, it was of vital importance to defendants to prove, if they could, that this witness had made other and different statements than those to which he testified and related to a matter so material to the issues, namely, as to who was at fault for the accident. The proper administration of justice clearly demanded and sanctioned such proofs, if a proper foundation had been laid therefor. *Cf. Weilbacher* v. *Rudlin,* 125 *N. J. L.* 631; 17 *Atl. Rep.* (*2d*) 538, and cases cited (at *p.* 632).

Officer Carney was asked on cross-examination the following question: "*Q.* Did you ever say to Investigator Martin that in your opinion the bus driver was not at fault for what occurred, that it was the condition of the highway?" (Note the objection: "I object. Even if he did say it would not be binding or evidential at this time.") The objection was overruled. The witness did not recall having made such a statement; at least he did not seem to remember whether

he did or did not make it. But the question was not asked for the purpose stated in the objection thereto. Obviously, it was asked solely for the purpose of laying a proper foundation for attacking the witness' credibility. It is in accordance with proper practice. *Wassmer* v. *Public Service Electric and Gas Co.*, 122 *N. J. L.* 367, 373; 5 *Atl. Rep.* (*2d*) 762. In pursuance to the foundation which they had laid defendants asked its investigator Martin, on direct examination the following question: "*Q.* And did Officer Carney say to you at that time when you asked him what he knew about the circumstances that the Public Service had nothing to worry about, that it was not the fault of the operator, but that it was due to the condition of the highway, that everybody was skidding?" Over objection, he answered in the affirmative.

This testimony was contrary to Carney's direct testimony. It attacked his credibility. It was helpful to the jury in its search for the truth. It was admissible. *Weilbacher* v. *Rudlin, supra.*

The wide discretion generally vested in the trial judge, in the scope or bounds of direct and cross-examination, and especially in testing the credibility of a witness (*Service Fuel Oil Co.* v. *Hoboken Bank for Savings,* 118 *N. J. L.* 61, 63; 191 *Atl. Rep.* 551; *Donovan* v. *Limouze,* 108 *N. J. L.* 494; 158 *Atl. Rep.* 423; *Vargo* v. *P. Ballantine & Sons,* 119 *N. J. L.* 561, 563; 197 *Atl. Rep.* 52; *Spatuzzi* v. *Star Auto Truck Exchange,* 119 *N. J. L.* 377; 196 *Atl. Rep.* 723) was neither unwisely used nor abused.

The judgments are affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.