DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT
OF THE COUNTY OF HUDSON.

FRED SCHWECKE, PLAINTIFF, v. D. LEONE, INC., A COR-
PORATION, AND ENO HOLDING CO., INC., A CORPORA-
TION, DEFENDANTS.

Decided December 10, 1942.

For the plaintiff, *Alfred A. Franck.*

For the defendants, *Popper, Feinman & Ludwin.*

COZZI, D. C. J.   The plaintiff, Fred Schwecke, seeks dam-
ages against the defendants, for fraudulently representing or
concealing the condition of an apartment which he leased
from the defendants, said apartment being uninhabitable and
unfit as living quarters, to the knowledge of the defendants.

At the trial the plaintiff showed that on the 29th day of
September, 1941, he leased an apartment in the basement of
premises commonly known as 289 Day Avenue, in the Bor-
ough of Fairview, New Jersey, the term of which was to
commence October 1st, 1941, at the monthly rental of twenty-
four ($24) dollars per month, payable in advance.   Mrs.
Schwecke testified that when she applied to rent the rooms,
she asked the superintendent whether the rooms were damp,
and the superintendent replied, "no."   The plaintiff occupied
the premises and several days thereafter was asked by the
Board of Health of the Borough of Fairview, "why did you
move in?" and was ordered to vacate the premises imme-
diately, because they were declared uninhabitable by this

Board of Health and that signs were placed above the door by them, reading, "These premises are unfit for habitation." It further appeared that the Board of Health informed them that unless they moved out voluntarily, they would have to take proceedings against them. It developed that the plaintiff's then ten-months-old child was rendered sick by a cold and was medically attended to at a cost of fifteen ($15) dollars. The doctor was not produced to prove the reasonableness of this charge.

Mr. Greenhaus, Board of Health inspector for the Borough of Fairview, testified that he had made an investigation of of the premises on September 10th, 1941, pursuant to a complaint from the Englewood Hospital, and found that a great deal of water was accumulating underneath the floor of the apartment of said premises, at a depth of six or seven inches, and that he ordered the landlord to install a pump to divert the waters that accumulated. He further testified that he found that the signs prohibiting the rental of this apartment, were torn down by an officer of the defendant, D. Leone, Inc. Charges were placed by the Board of Health against an officer of D. Leone, Inc., agent for said premises, who pleaded guilty and paid two ($2) dollars costs.

It was shown that all of these facts were well known to both defendants and their agents, prior to the rental of the premises to the plaintiff, and its condition was fraudulently concealed and misrepresented. Plaintiff's testimony was uncontradicted.

At the direction of the Board of Health, the tenant vacated the premises three weeks after occupancy thereof, after having paid the rent for the month of October, 1941, and now sues to recover damages sustained because of the expenses incurred in moving in and moving out of said premises on the first count, and seeks reimbursement for medical expenses incurred due to the illness of his daughter in said premises, on the second count.

The defendants counter-claim by asking for the rent for the months of November and December, 1941, and January and February, 1942, in that the tenant had vacated the premises in violation of the lease entered into between the parties,

during which time the premises remained vacant. At the close of the plaintiff's case, the defendants moved for a non-suit and the court reserved decision on this motion. The attorneys for the defendants also sought a directed verdict in favor of the defendants as against the plaintiff, on the plaintiff's case, and also moved for a judgment on the counter-claim.

This case is strikingly similar to the recent decision of *Wilday* v. *Panas*, by our Court of Errors and Appeals, 122 *N. J. L.* 28; 3 *All. Rep.* (2d) 319, wherein the court said:

"There was evidence to support the conclusion of the jury that the plaintiffs were prevented from working the land, not alone by the fear of punishment for violation of the law, * * *

"It is next said that there is no such regulation mentioned as 'sections 2 and 4 of the New Jersey Health Laws enacted March 21st, 1916.' This indeed is true, but the health board admittedly had power to stop the plaintiffs from removing soil from a burying ground and that power was exerted in this case."

In dealing with the defendants' counter-claim, suffice to say that the case of *Wilday* v. *Panas, supra,* further stated:

"It is also argued under this heading that the plaintiffs should not have challenged the defendant's title to the premises unless there was a legal ouster, and that the plaintiffs were not legally ousted. But there was evidence that the paintiffs were halted in their operations on the land in question, or prevented from enjoying its use, &c., and that the situation thus obtaining was due to the fraudulent misrepresentations of the defendant, Panas, all of which, if the jury believed it, as apparently they did, was evidence of a constructive eviction. *Goldberg* v. *Reed, 97 N. J. L.* 170; 116 *Atl. Rep.* 429."

In applying the principles of law referred to, in the above case, by our court of last resort, to the uncontradicted facts *sub judice,* the plaintiff has established a *prima facie* case, rendering the defendants liable to damages. The evidence discloses a constructive eviction if not an actual eviction, terminating the plaintiff's liability to rent under the terms

of the lease. See *Goldberg* v. *Reed, supra.* Accordingly, the defendants' motions for nonsuit and a directed verdict in their favor is therefore denied, and the defendants' counterclaim dismissed.

The liability of the defendants can be predicated upon either of two grounds; upon the commission of fraud, or upon the eviction of the plaintiff occasioned by the fraudulent representation, conduct and concealment of the inhabitable condition of the premises as substantiated by the local Board of Health.

In either event the rule of damages applicable, is that the defendants are responsible for those results injurious to plaintiff, which must be presumed to have been within the contemplation at the time of the commission of the fraud and plaintiff may recover damages for any injury which is the direct and natural consequence of his acting on the faith of the defendants' representation. A defrauded party is not limited to general damages, but may also recover special damages which have proximately resulted from the fraud. See 27 *C. J.* 83, § 228, and 7 *A. L. R.* 1105.

This brings us to the consideration of the evidence with respect to damages. The plaintiff showed at the trial, without contradiction, that he purchased certain personal property especially adapted for this apartment, which was rendered useless by reason of his removal from said premises, the extent of the cost of the personal property purchased from a regular dealer in the ordinary course of business amounted to forty-three ($43.21) dollars and twenty-one cents.

It was one of the contentions of the defendants in this case, that the cost of the personal property is not evidence of the value of these articles.

In answer to this contention, suffice to say that in the case of *Luse* v. *Jones,* 39 *N. J. L.* 707, leading case in this state, followed by a long line of decisions, the courts have repeatedly sanctioned the rule that evidence of cost is one element in a criterion of value to be considered by a jury, not as a fixed value, but the basis upon which the jury may determine and consider the true value of the personal property involved at the time that the damage was sustained. See, also, *Budd* v.

*Van Orden,* 33 *N. J. Eq.* 143; *affirmed,* 33 *Id.* 564; *Farnsworth* v. *Miller,* 74 *N. J. L.* 599; 70 *Atl. Rep.* 1100; *Lebkeucher* v. *Pennsylvania Railroad Co.,* 97 *N. J. L.* 112; 116 *Atl. Rep.* 323; *affirmed,* 98 *N. J. L.* 271; 118 *Atl. Rep.* 926; *Precipio* v. *Insurance Co.,* 103 *N. J. L.* 689; 137 *Atl. Rep.* 549; *O'Brien* v. *Broadman,* 110 *N. J. L.* 211; 184 *Atl. Rep.* 290; *Spatuzzi* v. *Star Auto, &c.,* 119 *N. J. L.* 377; 196 *Atl. Rep.* 723.

It is significant to state here, that bills showing the various purchases were introduced into evidence and its admissibility is corroborative proof of value. As to the admissibility of these bills see *Kolmetsky* v. *Pellicoff,* 6 *N. J. Mis. R.* 315; 141 *Atl. Rep.* 10; *affirmed,* 105 *N. J. L.* 240; 143 *Atl. Rep.* 336.

In applying these principles, and the court sitting as a jury, regards that the damage sustained by the plaintiff to the personal property, amounts to thirty ($30) dollars.

This brings us to the next item of damage as shown by the plaintiff that he paid fifteen ($15) dollars to move into the premises, and fifteen ($15) dollars to move out of the premises. Upon questioning by the court, plaintiff indicated that in his experience in moving from place to place, the charge of fifteen ($15) dollars was the reasonable and usual charge, and as such, the court allowed him to testify and admit into evidence the cost of removal to and from the premises. The court, therefore, allows thirty ($30) dollars, as additional damage proven by the plaintiff.

The next item of damage to be considered is the evidence of the plaintiff that he paid fifteen ($15) dollars for five visits for medical treatment rendered by Dr. Lefkowitz in treating a cold contracted by his ten-month-old child due to the dampness of the premises. The defendants object to this element of damage because the doctor was not produced to testify as to the reasonableness of the charge.

This objection is untenable in view of the decisions of *Brodsky* v. *Red Raven Rubber Co.* (*Court of Errors and Appeals*), 111 *N. J. L.* 453; 168 *Atl. Rep.* 440; *Sanders* v. *Hudson and Manhattan Railroad Co.,* 121 *N. J. L.* 406; 3 *Atl. Rep.* (*2d*) 86. It should be further emphasized that

during this war emergency, doctors are greatly in demand and the rules as cited in these decisions, should be liberally applied, especially where the only purpose for which the doctor is to be called is to testify that his charges were reasonable. This rule is based on sound logic and common sense.

Accordingly, judgment will be entered in favor of the plaintiff against the defendants, in the sum of seventy-five ($75) dollars.