JOHN CARLOTZ, Jr., BY HIS NEXT FRIEND, JOHN CAR-
LOTZ, Sr., AND JOHN CARLOTZ, Sr., INDIVIDUALLY,
PLAINTIFFS-APPELLEES, v. RICHARD GAVIN, TRAD-
ING AS ORANGE CRUSH BOTTLING WORKS, AND
JOSEPH HAMMERSTONE, DEFENDANTS-APPELLANTS.

Submitted May 2, 1944—Decided July 31, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PERSKIE.

For the appellants, *Lewis S. Beers.*

For the appellees, *Francis L. Thompson* (*Peter Friedman,*
of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a negligence case. It arises out of an
automobile accident which occurred on December 2d, 1940,
when the infant plaintiff was struck by a truck operated by
defendant's servant, while the infant was crossing McKeen
Street at or about where it intersects South Main Street, in
Phillipsburg, New Jersey.

The infant plaintiff, by his next friend, his father, was
awarded a jury verdict of $5,250 and the father was awarded
$1,000 against the owner and operator of the truck.

The trial judge allowed defendants a rule to show cause why the verdicts should not be set aside and a new trial granted, reserving, however, defendants' objections and exceptions noted upon the record of the trial. The grounds set down were (1) that the verdicts were against the weight of the evidence, and (2) that they were excessive and were the result of mistake, passion, prejudice and corruption. Thereafter, the trial judge extended the aforestated rule to show cause why the verdicts should not be set aside on the ground of newly discovered evidence.

The trial judge in a carefully considered opinion refused to set aside the verdicts as to liability. He concluded that the proofs warranted recoveries of $3,500 by the infant and $800 by the father. The judge provided that as to each plaintiff who consented to the reduction of his verdict in the stated figures, the rule would be discharged, otherwise it would be made absolute and a new trial would be granted as to damages only. Each plaintiff consented to the stated reduction of his verdict. Thus the rule to show cause is considered as having been discharged. (For the effect of such discharge, see *Cleary* v. *Camden,* 119 *N. J. L.* 387, 389; 196 *Atl. Rep.* 455; *Dombroski* v. *Metropolitan Life Insurance Co.,* 126 *N. J. L.* 545, 546; 19 *Atl. Rep.* (2d) 678; see, also, 20 *Atl. Rep.* (2d) 441.)

In pursuance of their reserved objections and exceptions noted on the record of the trial of this cause, defendants set down and argue six points. Generally stated, they relate to alleged error committed by the trial judge, (1) in permitting counsel for plaintiffs to challenge and excuse two jurors after he had "signified" that he was "content" with them, and (2) in five rulings touching the examination of witnesses and the propriety of admitting or excluding evidence.

We think that the challenged rulings are free from reversible error.

As the result of the examination of two prospective jurors after each had been passed as satisfactory to plaintiffs, it developed that each had been involved in an accident similar in type to the one in issue. Whereupon counsel for plaintiffs peremptorily challenged both jurors. Over objection, both

were excused. When, as here, the peremptory challenge was exercised before each juror was sworn, the excuse of each was free from error. That has been and is the settled law of this state. *Boyles* v. *M'Eowen*, 3 *N. J. L.* 253, *678; *R. S.* 2:92–9. *Cf. Lamble* v. *State*, 96 *N. J. L.* 231; 114 *Atl. Rep.* 346, and *Pleva* v. *Gootzeit*, 114 *N. J. L.* 399, 401; 176 *Atl. Rep.* 706; *affirmed*, 115 *N. J. L.* 605; 181 *Atl. Rep.* 44.

We do not deem it necessary to detail the circumstances relating to each challenged ruling touching the examination of witnesses and the propriety of admitting or excluding evidence. It should suffice to observe that after our careful examination of the whole case (*Cf. Pleva* v. *Gootzeit*, 114 *N. J. L.* 399, 402), we are satisfied that none of the challenged rulings has merit and none indicates error "injuriously" affecting "substantial rights" of the defendants. *R. S.* 2:27–363.

Judgment is affirmed, with costs.