LOUIS G. FAULKNER, PLAINTIFF-APPELLEE, v. FREDERICK W. MARTIN AND NEW JERSEY HERALD NEWS PUBLISHING COMPANY, ETC., DEFENDANTS-APPELLANTS.

Submitted October 26, 1945—Decided January 24, 1946.

For the appellants, *Oliver Randolph* (*Harry Green*, of counsel).

For the appellee, *Robert S. Hartgrove.*

The opinion of the court was delivered by

PERSKIE, J. This is a libel suit. It presents, among other things, a question of first impression in this state. Is an editor and manager of a newspaper personally responsible for a libelous news article, not written by him, and read by him only after publication?

The alleged libel charged plaintiff with discrimination in his management of a federal housing project in that he refused to rent to members of the Caucasian race. Verdicts were returned on two counts against the corporate defendant, the publisher of the newspaper, and against the individual defendant, the editor and manager of the newspaper. The verdicts amount in all to $2,000. A rule to show cause was allowed on the ground that the damages, compensatory and not punitive, were excessive and that the verdicts were the result of mistake, passion or prejudice. After argument, the rule was dismissed. Hence this appeal.

The disposition of the rule to show cause, containing as it did, a ground that the verdict was the result of mistake, passion or prejudice, takes out of the case any question as to the sufficiency of the evidence. That question is no longer available to appellant. It is *res adjudicata. Robins* v. *Mack*

*International Motor Corp.*, 113 *N. J. L.* 377, 385; 174 *Atl. Rep.* 551; *Cleary* v. *Camden*, 119 *N. J. L.* 387, 389; 196 *Atl. Rep.* 455.

This court has never been called upon to decide, however, whether an editor and manager of a newspaper is responsible for a libelous article printed in the newspaper when that article was neither written by the editor nor read by him in advance of publication. We conceive that question to be squarely before us by virtue of the refusal by the learned trial judge to grant a nonsuit or to direct a verdict in favor of the individual defendant.

Other courts have indicated different views on the subject. See *Folwell* v. *Miller*, 75 *C. C. A.* 489; 145 *Fed. Rep.* 495; 10 *L. R. A.* (*N. S.*) 332, which casts doubt on whether there is liability, and *Smith* v. *Utley*, 92 *Wis.* 133; 65 *N. W. Rep.* 744; 35 *L. R. A.* 620, which very definitely imposes responsibility upon the editor, if in fact he is in a position of control, which circumstance is left for the determination of the jury. We are, therefore, free to adopt that which to us seems the sounder view.

Here the court left to the jury, as was proper, the question as to the nature and character of the individual defendant's connection with the newspaper. There is ample in the record to support not only this action by the trial judge but also the determination of the jury, implied from the verdict, that the individual defendant had sufficient control over the newspaper to justify imposing liability upon him. Thus we think liability can and should be imposed upon the editor for libelous material even though the actual article was not seen by him prior to publication where, as here, there is proof that he made the general policy and advised the editorial writers on the "trend" the newspaper would take on a subject, received the moneys from the advertisements contained in and from the sale of the newspapers, possessed the power to hire and discharge all employees, was the person to whom the employees were "accountable" for the operation of the newspaper, from the standpoint of advertising, circulation and

news coverage, was the final arbiter on questions or disputes arising in the course of the operation of the newspaper, had absolute control of controversies that might or did arise among the staff as to the policy of the newspaper, and of the news articles that might appear or be withheld from publication in the newspaper.

The responsibility of the position carries with it the correlative duty to be apprised of that which appears in the newspaper for which he is the editor. For, as such editor, "* * * it is his business to know, and mere want of knowledge constitutes no defense." *Smith* v. *Utley, supra;* 37 *C. J.* 14, 15, § 304; 39 *Am. Jur.* 22, § 34.

We have examined all other points argued and find them to be without merit.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 15.

*For reversal*—None.