FRANCIS O'NEIL, PLAINTIFF-RESPONDENT, v. WALLACE JACOBUS, DEFENDANT-RESPONDENT, AND SCHWARTZ BROTHERS TRUCKMEN, INCORPORATED, DEFENDANT-APPELLANT.

Submitted October 27, 1933—Decided January 5, 1934.

For the defendant-appellant, *Kellogg & Chance.*

For the defendant-respondent, *McCarter & English.*

For the plaintiff-respondent, *James P. Mylod.*

The opinion of the court was delivered by

WELLS, J.   This is an appeal by the defendant-appellant, Schwartz Brothers Truckmen, Incorporated, from a judgment entered against it on a verdict rendered by a jury for $2,000 in a case tried at the Essex Circuit.

The case arose out of an automobile accident.   The suit was brought by plaintiff against two defendants, Jacobus, in whose car the plaintiff was riding as an invitee, and the Schwartz Brothers Truckmen, Incorporated, the owner of the truck which was hauling a trailer which it is alleged swerved and struck the Jacobus car as it was passing, and injured plaintiff.

The jury found in favor of the defendant Jacobus.

The only grounds upon which we are asked to reverse the judgment under review, are that the trial court erred in refusing to nonsuit the plaintiff, and also in refusing to direct a verdict in favor of the defendant-appellant.

Plaintiff contends that defendant-appellant is precluded from arguing before this court these grounds of appeal because a rule to show cause why a new trial should not be granted was allowed, and one of the reasons assigned was that the verdict was contrary to the weight of the evidence, and that the questions of nonsuit and direction of a verdict are embraced within the reason that "the verdict is against the weight of

the evidence" is well settled law as shown by *Klein* v. *Shryer*, 106 *N. J. L.* 432; *Catterall* v. *Otis Elevator Co.*, 103 *Id.* 381; *Cleaves* v. *Yeskel*, 104 *Id.* 497, and *Holden* v. *Rolff*, 110 *Id.* 499.

An examination of these cases will disclose that the reasons assigned on the rules were argued, considered and decided on the return thereof. Here, however, the rule was never argued on any point and no adjudication whatever was rendered. The amended order dismissing the rule to show cause recites that on the return day thereof, the attorneys of appellant indicated to the court that appellant had decided not to prosecute said rule but to take an appeal upon the exceptions reserved in the rule, and that "whereas on the return day of said rule to show cause the rule was not argued nor was the matter considered," therefore, it was ordered that the original order heretofore entered, dismissing the rule to show cause, be amended "to provide that said rule was abandoned and said order of dismissal was signed and entered without argument of either or any of the reasons advanced in support of said rule."

The attorney of plaintiff-respondent consented to the making and entry of said amended order.

Respondent cites in support of his contention the following excerpt from *Margolies* v. *Goldberg*, 101 *N. J. L.* 75:

"On appeal from judgments entered after defendant's rules to show cause had been discharged the appellate court will not consider and decide any question which was assigned as ground for setting the verdicts aside on the rule to show cause, such question being *res adjudicata*, whether argued or not, and although not decided in terms, on the rule to show cause."

We do not think this case is applicable to the instant case—rather it has reference to a case where a rule to show cause is prosecuted and some of the reasons assigned are not argued. They are regarded as abandoned and disposed of as if in default, just as grounds of appeal which are not presented to, or argued in this court are considered to have been abandoned.

On the other hand, as we held in *Dietz* v. *Glascow*, 110

*N. J. L.* 490, by the *argument* of the weight of evidence on a rule to show cause, counsel though he reserves exceptions to the refusal of a nonsuit and the direction of a verdict, is precluded from *arguing* these matters in this court.

It is the consideration and determination by the lower court of the points involved on a rule to show cause which have been argued before or presented to the court, or might have been so argued or presented, which act as a bar to further consideration of these points on appeal to this court.

Respondent relies on rule 129 of the Supreme Court which reads:

"Granting to a party a rule to show cause why a new trial shall not be granted, shall be a bar against him to taking or prosecuting an appeal, except on points expressly reserved in said rule."

We think this rule must be·construed by us in the case now before us so as to conform with the decisions of this court.

If construed literally the rule might seem to indicate that the mere *granting* of a rule to show cause, whether amended, exscinded or abandoned under order of the court would operate as a complete bar here to the consideration of any points written down therein.

We held, however, in the recent case of *Molnar* v. *Hildebrecht Ice Cream Co.,* 110 *N. J. L.* 246, that "when reasons filed on a rule to show cause why a new trial should not be granted include the point that the verdict is against the weight of evidence, and the court, *after argument* on the rule, discharges it, the defendants estop themselves from arguing questions of nonsuit or direction of a verdict, even though the same are reserved; but where these reasons were by order of the trial court, on application by defendant's counsel, exscinded from the reasons filed, those questions are not *res adjudicata.*"

In other words, the reasons were set up at first but as stated by the court, "expressly not considered or adjudicated on the argument of the rule to show cause," and it was therefore deemed proper by this court to consider them on appeal.

If the appellant in the Molnar case could expressly abandon

by permission of the trial court one or more reasons on the rule to show cause, we fail to see any reason why this appellant could not here abandon by consent of opposing counsel and order of the trial court the entire rule and retain his right to argue the exceptions here on appeal.

The manifest purpose of abandoning the rule to show cause in the instant case was to enable the appellant to have the points considered and determined here on appeal rather than by the trial court on the rule. By this procedure the appellant is not given the opportunity of arguing the same question twice, but is afforded an opportunity of having his case considered by an appellate court.

We think the case is, therefore, properly before us.

This leads us to a consideration of the propriety of the court's action in refusing to grant a nonsuit or direct a verdict in favor of the appellant.

The ground upon which the motion for nonsuit and directed verdict was made was that there was no evidence in the case indicating any negligence on the part of the appellant, Schwartz Brothers Truckmen, Inc.

Of course, on this appeal we are not concerned with the weight of the evidence.

Motions for nonsuit and to direct a verdict for the defendant, for the purpose of the motions, in effect admit the truth of the evidence, and every inference of fact that can be legitimately drawn therefrom, which is favorable to the plaintiff, but deny its sufficiency in law; and where such evidence or inferences of fact will support a verdict for the plaintiff, such motions must be denied. *Barry* v. *Borden Farm Products Co.,* 100 *N. J. L.* 106; *Andre* v. *Mertens,* 88 *Id.* 626; *Fine & Jackson, &c., Corp.* v. *Lehigh Valley Railroad Co.,* 110 *Id.* 387.

In the case before us we believe the conflicting evidence presented a case for the jury.

There was testimony tending to show that the defendant Jacobus was driving his Dodge roadster westerly along Bay avenue, Bloomfield, New Jersey, about midnight of May 25th, 1930, and that the plaintiff was riding with and as an invited

guest of Jacobus and sat on the seat with and to the right of him. They were proceeding at a lawful rate of speed and when about fifteen or twenty feet away, Jacobus saw something big in front of him, like a freight car, which turned out to be a circus wagon drawn by the appellant's truck. It was about in the middle of the road.

He slowed up, threw his car into second gear and pulled over to the left and blew his horn and saw a man's hand extend from the left front of the truck, motioning for him to come on. Jacobus was then on the left of the road about a foot away from the curb, ready to pass, and as he was passing, the front part of his automobile having passed the rear part of the circus wagon, the latter skidded or swerved to the left and struck the right cowl light of the Jacobus car, where the plaintiff was sitting, pushing in the right door so that it could not be opened, and crushing plaintiff's right leg.

The Jacobus car came to a stop to the left of the road about a foot from the curb and the truck stopped to the right of the road with its nose into the curb and its rear "diagonal" across the road and with the rear of the circus wagon, or trailer, extending out almost to the middle of the road.

The road was about twenty-five feet from curb to curb and the surface in bad condition. The circus wagon or trailer was connected with the rear of the truck by a pole of about ten or twelve feet in length. The combined length of the truck and trailer was thirty feet.

The trailer was very large and wide.

It was proceeding slowly along the narrow street. It was raining hard and foggy. There were no lights in the rear of the trailer but, as appellant claims, this may not be of any consequence, since the lack of a light does not seem to be the proximate cause of the accident, Jacobus having seen the trailer when fifteen or twenty feet away.

There was testimony to the effect that there were reflectors on the back of the trailer to pick up the rays of a car following. This, however, was denied by plaintiff's witnesses.

There was also testimony indicating that as Jacobus was passing, the front part of his automobile having passed the

rear part of the trailer, the driver of the truck pulled from the center of the road to the right-hand curb, thus throwing the end of the trailer to the left and against the side of the Jacobus car.

The testimony of Jacobus seems to justify the inference that if the driver of the truck had continued straight ahead, he, Jacobus, would have cleared the end of the trailer without collision.

The jury had a right to find that the trailer swerved to the "left" as Jacobus said it did, and that the driver of the Mack truck in the exercise of reasonable care and caution should have known that to swerve his truck sharply to the right would cause the end of the circus wagon thirty feet away to swerve to the left.

In view of this, and other testimony which we have not mentioned, and the inferences of fact that can be legitimately drawn therefrom, it was plainly for the jury to say whether or not the accident was the result of negligence in the operation of the truck and trailer by the appellant's driver, and this being so, the trial court properly refused to nonsuit or to direct a verdict in favor of the defendant-appellant on this ground.

For the reasons indicated we conclude that the judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.