WILLIAM JONES, PLAINTIFF-RESPONDENT, v. CITY LIMIT CAB, INCORPORATED, A CORPORATION, AND GEORGE J. HICKMAN, DEFENDANTS-APPELLANTS.

Submitted February 16, 1934—Decided April 12, 1934.

For the appellants, *John A. McKenna* (*Pomerehne, Laible & Kautz,* of counsel).

For the respondent, *Louis Auerbacher, Jr.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below sued to recover for personal injuries sustained as the result of being struck

while crossing a street on foot by a taxicab owned by the defendant City Limit Cab, Incorporated, and operated by the defendant George J. Hickman. This is the appeal of the defendants from a judgment of the Supreme Court in favor of the plaintiff entered upon the verdict of a jury against both defendants at the Essex Circuit.

The defendants applied to the trial judge for a rule to show cause why plaintiff's verdict should not be set aside, on the ground that it was against the weight of the evidence, and no points or exceptions were reserved in the rule. The order of the judge disposing of the rule recites that it was applied for "on the ground that the verdict was against the weight of the evidence" and that "the plaintiff and defendants both waived the making and entry of a formal rule to show cause by the court on said application of defendants and agreed to argue the said rule to show cause granted on the application of the defendants as if said rule to show cause had been made and entered by the court," and that "the court proceeded to hear and determine the said rule to show cause" in the presence of and after hearing counsel for plaintiff and defendants, and thereupon "ordered that the said rule to show cause heretofore granted on application of the defendants in the above entitled cause to set aside the verdict rendered in said cause * * * and for a new trial, be, and the same is hereby discharged and the said verdict permitted to stand as rendered."

After such disposition of the rule the defendants took the present appeal.

The defendants are therefore in the legal position of taking this appeal after having obtained and argued a rule to show cause why a new trial should not be granted, with no points or exceptions expressly reserved in the rule.

Now the general rule is that where a defendant in an action in the Supreme Court tried at Circuit elects to apply for and obtains a rule to show cause why a new trial should not be granted, and no points or exceptions are expressly reserved in the rule, he is barred from taking or prosecuting an appeal, except upon matters of law arising upon the face of the record and not made a reason for setting aside the

verdict under the rule. Supreme Court rule 129; *Heinz* v. *Delaware, Lackawanna and Western Railroad Co.*, 90 *N. J. L.* 198; *Goekel* v. *Erie Railroad Co.*, 100 *Id.* 279; *Margolies* v. *Goldberg*, 101 *Id.* 75; *Freschi* v. *Mason*, 108 *Id.* 272.

In the instant case, as we have pointed out, no points or exceptions were reserved in the rule. It therefore follows that defendants' grounds of appeal cannot be considered unless they are matters of law arising upon the face of the record.

The record in the strict sense in which the word is used in judicial proceedings includes the pleadings and judgment (and its incidents such as venue, *postea*, &c.), and does not include the evidence, charge of the court, bills of exceptions and bills of particulars. *Margolies* v. *Goldberg, supra.*

It may not be amiss to point out that the grounds of appeal here argued are for the most part utterly insufficient as grounds of appeal under the ruling in *Brodsky* v. *Red Raven Rubber Co.*, 111 *N. J. L.* 453. But that is immaterial so far as concerns the decision of the present case. The grounds of appeal argued in the instant case all relate to exceptions taken at the trial, either to exceptions to refusal to nonsuit, or to refusal of a mistrial, or to the admission of testimony, or to refusal to strike out testimony or to the bill of particulars. None of these errors complained of are matters of law arising upon the face of the record. They all concern matters which occurred upon the trial and afforded grounds of exceptions which were duly taken, but which exceptions were not reserved by the rule to show cause as grounds of appeal.

The appeal will be dismissed, with costs.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.