PHILIP GORDON, PLAINTIFF-RESPONDENT, v. GENERAL LAUNDERERS, INC., DEFENDANT-APPELLANT.

Argued January 22, 1941—Decided March 15, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the appellant, *R. Robinson Chance.*

For the respondent, *Theodore D. Parsons.*

The opinion of the court was delivered by

PARKER, J. The case arises out of an accident sustained by the plaintiff at the premises of the defendant on March

1st, 1937. There was a verdict and judgment for the plaintiff, after which the court allowed a rule to show cause for a new trial, reserving exceptions; but later the rule to show cause was abandoned and dismissed without decision on the application of counsel for the defendant; consequently the rule to show cause does not bar the appeal in any way. *O'Neil* v. *Jacobus,* 112 *N. J. L.* 145.

The grounds of appeal argued are the denial of a motion for nonsuit, a similar denial of a motion for direction of verdict for the defendant, and the refusal of two requests to charge.

The plaintiff was a laundryman, but his own laundry plant had been destroyed by fire, and in order to retain his business he was farming out the laundry work committed to him and was accustomed to have it done by the defendant, which was in the same line of business and had a brick building of considerable size, to which access was had by a pair of double doors, each about four feet wide and about eight feet high, opening inward from the outside roadway. There is a great deal of contradictory evidence with regard to the happening of the accident, but it is undeniable that the plaintiff, while a bale of soiled laundry was on his shoulder and he was engaged in removing it from his own truck into the defendant's building, fell in some way, striking his head on the hard ground and causing a fracture of the skull, as a result of which he was in the hospital for some time and claimed to be still affected by the injury at the time of the trial. His claim with regard to the happening of the accident was, in substance, that the double doors were closed; that they were originally of unscientific construction in that certain diagonal paneling on the lower part was set in the wrong direction so as to facilitate the sagging of the doors, and that glass in the upper panel had been removed and heavy wood substituted which added additional weight to the doors; as a result of which, according to his claim, the doors were in contact with the ground, consequently did not open freely, and consequently again required a strong push to get them open. In this alleged situation the plaintiff claimed that with a bale of laundry on one shoulder sustained thereby

with one hand, he pushed the right-hand door with the other hand and that it went partly open, but sprung back and knocked him down so that he sustained the injuries complained of. There were two other versions of the accident; one that the plaintiff had never reached the doors at all, but while he was lifting the bale off of his truck he fell at the rear end of his truck some fifteen feet or so·away from the doors; and the·third was that the plaintiff was actually inside the building and was attempting to leave it when the door blew in and knocked him over. Of course it was for the jury on this congeries of inconsistent evidence to work out what it conceived to be the true explanation of the accident; and on this appeal, equally of course, if there was any legal evidence supporting the plaintiff's theory, as in fact there was, and that theory embodied a legal cause of action, as in fact it did, there was no error in the court's refusal to nonsuit or to direct a verdict. No question was raised but that the plaintiff was legally invited to enter the premises. The principal claim now made on this branch of the case is that the plaintiff, who had previously had experience in regard to these doors on former occasions, was guilty of contributory negligence in undertaking to push them open as he did; or to put it in another way, that he assumed the risk of injury in so doing. We find ourselves unable to subscribe to either of these propositions as a court question, and consequently, so far as relates to the refusal to nonsuit or direct a verdict, we see no error.

As regards the refusals to charge the requests, which are two in number, the first is:

"Negligence is never presumed but rather there is a presumption in favor of the defendant that he was not negligent."

As to this, we think it was fully covered by the instruction of the court that the mere fact of injury did not entitle the plaintiff to a verdict, but that his action was based on negligence and that it was necessary to establish that he was injured, and also that his injuries were due to the negligence of the defendant corporation. The court added: "He must establish that the defendant failed in a duty which it owed, in this case, to the plaintiff, and in addition that the defend-

ant's negligence of failure in that respect was the proximate cause of his injuries." The court went on to define negligence in language that is not now challenged. So we conclude that as regards the refusal to charge the fifth request above quoted there was no error in that the point was fully covered by other appropriate language.

Finally, that the trial judge refused to charge the eleventh request, which reads as follows:

"The plaintiff was under a duty to look and to use the reasonable powers of observation upon entering defendant's premises, and if he failed in this regard to look and to make a reasonable effective observation he is guilty of contributory negligence and cannot recover."

There are two answers to this point. The first is that the request omits an essential component of contributory negligence, viz., that the failure to exercise due care must have caused, or at least contributed, to the injury. As stated in the text of 45 *C. J.* 943: "There are two essential elements in contributory negligence: (1) negligence for which plaintiff is responsible. (2) Causal connection between such negligence and the injury complained of." The eleventh request omits the second element. Moreover, we think the request was fully covered. The court said: "Contributory negligence is said to be present in a given case where a person by his own negligence has contributed to his own injuries in such a way that but for it he would not have received any injuries for the person sought to be held responsible for it. * * * You will, therefore, as jurors, examine the testimony to discover whether or not the defendant has shown you under the fair preponderance of the proofs in this case contributory negligence on the part of the plaintiff. Was he careless and what did he do which might have contributed to his own injuries in a negligent case?" We consider that this fully covered the ground and, of course, the rule is well settled that the court is not required to adopt the precise language of a request to charge.

The judgment will therefore be affirmed.