## ARTHUR GIONTI, Jr., PLAINTIFF-RESPONDENT, v. CROWN MOTOR FREIGHT CO., DEFENDANT-APPELLANT.

Submitted February 13, 1942—Decided May 14th, 1942.

For the appellant, *David Cohn* (*Abram Simon* and *David Cohn*, on the brief).

For the respondent, *Archibald Krieger.*

The opinion of the court was delivered by

PERSKIE, J. This is a contract case. The question requiring decision is whether plaintiff, a licensed engineer and surveyor, but not a licensed architect, is entitled to recover on a contract for architectural services.

Plaintiff sued defendant to recover the value of services rendered it. So far as is here pertinent, he alleged (1) that defendant agreed to pay him $40 for a survey made at its request and (2) that defendant agreed to pay him the reasonable value of his services, as an architect, for drawing plans

and specifications for the proposed erection by it of a garage and office building. The reasonable value of such services was calculated on the basis of 3% of the estimated construction cost of $27,000, namely, $810, or a total of $850.

Defendant denied generally the stated allegations and additionally, by way of separate defenses, claimed (1) that there was no authority to bind it to the pleaded contract, and (2) that the complaint was insufficient in law in that it did not state a cause of action because it failed to disclose the existence of a contract.

At the trial, defendant's motions for a nonsuit and to direct a verdict were denied. The case was submitted to the jury and a verdict was returned by it in favor of plaintiff and against defendant in the sum of $760 plus costs. The propriety of the judgment entered on the stated verdict is here challenged. That challenge is, among other grounds, based on the premise that the trial judge erred in denying defendant's motions for a nonsuit and to direct a verdict in its favor.

Plaintiff, however, earnestly argues that we are precluded from considering these grounds of appeal. That argument is based upon the fact that defendant, in due season, obtained a rule to show cause, without reservation of exceptions, why the verdict of the jury should not be set aside, and that the discharge of that rule is *res adjudicala* of the motions for nonsuit and to direct a verdict. The argument is without merit. No reasons in support of the rule are made to appear. But the order of the trial judge discharging the rule states that when the application for the rule was made, the reasons assigned were that the verdict was contrary to the weight of the evidence and contrary to the charge of the court. If that be so, and there was concededly no reservation of exceptions, then it would follow that the discharge of the rule would be *res adjudicata* of the motions for nonsuit and to direct a verdict. *Robins* v. *Mack International, &c., Corp.,* 113 *N. J. L.* 377; 174 *Atl. Rep.* 551. An examination, however, of the circumstances concerning the discharge of the rule clearly discloses that the rule was, in fact, abandoned in its entirety.

It appears that when counsel for the defendant applied (apparently orally) for the rule to show cause, he asked for

reservation of exceptions. The trial judge refused to grant the reservation sought but did state that he would allow the rule upon all or any reason to be written down by counsel. Whereupon counsel told the judge that he had been advised of misconduct on the part of some jurors, that they had made false answers on their *voir dire* and that attempts had been made to influence their judgment. Pursuant to the suggestion by the trial judge, counsel presented a petition alleging the stated misconduct. (The order of the trial judge states that this petition was not filed with the clerk of the court, and that its contents cannot be ascertained or recalled although there is such a petition in the record.) At all events, the trial judge allowed a rule for the taking of testimony, before a Supreme Court Commissioner, to be used on the return of the rule. No testimony was taken. And on the return day of the rule, counsel for defendant asked leave to abandon the rule. The trial judge denied the request and directed that counsel proceed with the hearing on the rule. Counsel refused to and did not proceed with the hearing but instead pressed his application to abandon the rule. An order, however, was entered by the trial judge denying the motion to abandon the rule, with costs, and granting, with costs, plaintiff's application to discharge the rule.

1. We are clearly of the opinion that the trial judge should have granted the application of counsel for defendant to abandon the rule. However unwarranted the charges may have been, however ill-advised the action of counsel for defendant may have been, however justified the trial judge may have been to take hold of the matter, defendant could not properly be denied its right to abandon the rule. It was the moving party. It had the right to determine, before any argument on the rule, the grounds upon which it chose to challenge the propriety of the verdict. Thus notwithstanding the fact that the record states that the rule was discharged, it was, as a matter of fact, abandoned prior to the alleged discharge thereof. We so hold.

The case of *Jones* v. *City Limit Cab Co.*, 112 *N. J. L.* 482; 171 *Atl. Rep.* 791, is clearly distinguishable. True, in that case, as here, there was no reservation of exceptions, but it is

equally true that in that case, unlike as here, the ground stated in the rule (that the verdict was against the weight of the evidence) was argued. Hence this court held that defendant was "barred" from prosecuting an "appeal" except on "matters of law" arising upon the "face of the record" and not made a "reason" for setting aside the verdict under the rule. *Id.* (at *pp.* 483, 484).

The case of *O'Neil* v. *Jacobus,* 112 *N. J. L.* 145; 169 *Atl. Rep.* 703, is in principle analogous with the case at bar. While, in that case the trial judge, by order, permitted the abandonment of the rule before argument on the reason assigned, nevertheless, we do not think that this circumstance (abandonment by order of court) is material under the holding in that case. If a reason, or reasons, assigned on the rule may, on application before argument thereon, be "exscinded" (*Cleary* v. *Camden,* 119 *N. J. L.* 387, 389; 196 *Atl. Rep.* 455) then, in all logic, reason and justice, defendant, on application before any argument on the rule, is entitled, if he so choose, to an order abandoning his rule altogether. Such procedure does not give defendant the opportunity to indulge in the evil sought to be avoided, namely, to argue the same point twice. Rather does it give the defendant the opportunity to have his case, as is his right, considered by the appellate court. *O'Neil* v. *Jacobus, supra* (at *p.* 149). *Cf. Gordon* v. *General Launderers, Inc.,* 126 *N. J. L.* 78, 79; 18 *Atl. Rep.* (*2d*) 719.

2. Thus we recur to the consideration and determination of the question as to whether the trial judge erred in denying defendant's motions for nonsuit and to direct a verdict in its favor. Our answer is in the affirmative.

Plaintiff is a licensed engineer and surveyor. *N. J. S. A.* 45:8-27, *et seq.* Admittedly, he is not a licensed architect. *N. J. S. A.* 45:3-5, *et seq.* His complaint, as we have seen, was for services as a surveyor and architect. *N. J. S. A.* 45:3-10 (illegal practice of architecture) provides, *inter alia:*

"Any person who shall pursue the practice of architecture in this state, or shall engage in this state in the business of preparing plans, specifications and preliminary data for the erection * * * of any building, except buildings designed

by licensed professional engineers incidental or supplemental to engineering projects * * * shall be liable to a penalty (in the amount therein stated) * * *.

"Any single act or transaction shall constitute engaging in business or the practice of architecture within the meaning of this chapter."

It is argued that as a result of the progress made in the professions of the practice of architecture and engineering, many "overlapping functions and activities" have arisen between them, that the result has been that all "distinctions" between them have "passed away," that they "differ in name only," and, therefore, we should construe the respective statutes relating to these professions accordingly. However interrelated the professions and the statutes relating to them may be, the legislature has made and maintained a marked cleavage between them. It is beyond our power to thwart that clear legislative cleavage.

Moreover, *N. J. S. A.* 45:3-10 (practice of architecture) is a statute that "enforces a forfeiture or penalty for transgressing its provisions or doing a thing prohibited." It is, therefore, a penal statute. (*Cf. Marter* v. *Repp,* 80 *N. J. L.* 530, 533; 77 *Atl. Rep.* 1030; *affirmed,* 82 *N. J. L.* 531; 81 *Atl. Rep.* 1134.) As such, it must be strictly construed. (*Cf. Camden & A. R. & Transp. Co.* v. *Briggs,* 22 *N. J. L.* 623.)

Neither the complaint nor the proof supports a right of action or recovery within the exception of the quoted provisions of the statute. Plaintiff based his claim for architectural services and was, of course, obliged properly to prove his pleaded cause of action. But the proofs in support of the action, as pleaded, amply establish that plaintiff, not a licensed architect, sought to, and did, recover on a contract for architectural services rendered in clear violation of a penal statute. (*N. J. S. A.* 45:3-10.)

Such a contract is illegal and void. It is against public policy, and where, as here, the public interest is involved, we zealously protect that interest. We do not lend our aid in support of a contract for services rendered in violation of a penal statute. *Sharp* v. *Teese,* 9 *N. J. L.* 352; *Hope* v. *Linden Park Blood-Horse Association,* 58 *Id.* 627; 34 *Atl.*

*Rep.* 1070; 55 *Am. St. Rep.* 614; *Morris* v. *Muller,* 113 *N. J. L.* 46; 172 *Atl. Rep.* 63; 2 *Restatement of Law on Contracts,* § 580.

3. Nor is there merit to the contention that defendant did not plead the illegality of the contract and, therefore, is precluded from now asserting that circumstance. Defendant in its answer, as we have seen, denied the existence of the contract and denied the sufficiency of the complaint in law. Such defenses squarely placed the burden upon the plaintiff to prove a valid and legal contract. *Ziegener & Lane* v. *Daeche,* 91 *N. J. L.* 634; 103 *Atl. Rep.* 82. *Cf. Barnes* v. *P. & D. Manufacturing Co.,* 117 *N. J. L.* 156; 187 *Atl. Rep.* 186; *Spiccia* v. *Paterson Silk Throwing Co.,* 127 *N. J. L.* 509; 23 *Atl. Rep.* (*2d*) 251. This the plaintiff did not do, and could not have done because, as we have found, the pleaded contract was void and unenforceable. Hence our determination is that it was error to deny the motion for nonsuit and to direct a verdict. No point appears to be made as to plaintiff's right, if any, to recover the $40 charge for the making of the survey and we express no opinion thereon.

In light of the result reached, it becomes unnecessary to discuss the other points argued.

Judgment is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, PARKER, BODINE, HEHER, PERSKIE, COLIE, DEAR, WELLS, HAGUE, THOMPSON, JJ. 10.

*For dismissal*—THE CHIEF JUSTICE, DONGES, PORTER, RAFFERTY, JJ. 4.