The defendants appeal from a judgment in favor of the plaintiff, entered in the Superior Court, Law Division, Union County, on the verdict of a jury. The sole ground of appeal is that the jury's verdict was against the weight of the evidence. *Page 273 
We are met at the outset by plaintiff's contention that the defendants are barred from taking an appeal on this ground byRule 3:59-5, which provides: "A motion for a new trial shall bar the moving party from taking an appeal on any ground stated in the motion or argued at the hearing." This rule changed the former practice of application and rule to show cause, when a new trial was sought, to a procedure by motion for a new trial, but made no change in the effect that an application for a new trial, made to the trial judge, had upon the right of appeal. Under the former practice, the applicant for a rule to show cause why a new trial should not be granted could abandon the rule to show cause before argument and thus preserve his right of appeal on any ground or grounds assigned on the rule (Gionti v. Crown MotorFreight Co., 128 N.J.L. 407 (E. A. 1942); likewise, underRule 3:59-5 the moving party may abandon his motion and thus preserve his right of appeal on any ground or grounds stated in the motion.
In this case, the defendants served and filed a notice of motion for a new trial, in which one of the grounds stated was that the verdict of the jury was contrary to the evidence. Thereafter, an order was entered, with the consent of the attorney for the plaintiff, dismissing the motion for a new trial, in which it was stated that the defendants did not desire to argue the motion for a new trial and that no argument was made by either party on the merits of the motion. This is tantamount to an abandonment of the motion, and thus the defendants' right of appeal to this court on any ground stated in the motion was preserved.
Was the verdict of the jury against the weight of the evidence? The verdict of a jury will not be set aside upon the ground that it is against the weight of the evidence, unless the verdict clearly evinces that it is the result of passion, prejudice, partiality or mistake. Nusser v. United Parcel Service of N YInc., 3 N.J. Super. 64 (App. Div. 1949). Our examination of the record leads us to the conclusion that the verdict of the jury should not be disturbed.
The judgment under appeal is affirmed. *Page 274