60 N.J. Super. 163 (1959)
158 A.2d 689
IN THE MATTER OF E.J. McGOVERN DAIRY PRODUCTS, INC., A CORPORATION.
Superior Court of New Jersey, Appellate Division.
Argued May 25, 1959.
Decided June 5, 1959.
*165 Before Judges PRICE, GAULKIN and FOLEY.
Mr. Edward W. Currie argued the cause for appellant.
Mr. William L. Boyan, Deputy Attorney General, argued the cause for respondent Office of Milk Industry (Mr. David D. Furman, Attorney General, attorney).
PER CURIAM.
E.M. McGovern Dairy Products, Inc. (hereafter called the Corporation) appeals from an order of the Director of the Office of Milk Industry (OMI), which revoked its sub-dealer's license under N.J.S.A. 4:12A-35 because (1) it had purchased milk at prices lower than the minimum fixed by OMI, (2) because it had done so pursuant to "a secret agreement between the dealer and [the Corporation] for their payment," and (3) because it had *166 then filed a false sworn monthly report with OMI that it had made no purchases at prices lower than the minimum.
Appellant's first ground of appeal is that the evidence taken during the hearing before the Director was not sufficient to prove the guilt of the appellant. N.J.S.A. 4:1-38 provides in an appeal such as this "the appeal shall be * * * confined to the record * * *"; that the determination of the facts by the Director must be affirmed unless it is "unsupported by substantial evidence in view of the entire record as submitted * * *"; and that upon "the whole record * * * due account shall be taken of the rule of prejudicial error"; and that "substantial evidence shall mean a quantum of evidence similar to that necessary to sustain a jury's finding in an action at law." So viewed, we find the evidence ample to sustain the conclusion of guilt.
The testimony shows that in January 1957 appellant purchased milk from the dealer which it ostensibly paid for at the established minimum prices, but the dealer immediately delivered to Eugene J. McGovern, president of the appellant corporation, two checks to the order of "Cash" rebating a portion of the price. One of the checks was cashed by Mr. McGovern, and the other was deposited to his account. The affidavit annexed to the monthly report above mentioned was sworn to by Mr. McGovern. Mr. McGovern did not testify, nor did the appellant offer any other evidence at the hearing before the Director.
Appellant argues that since there is no proof that it received the money or knew that Mr. McGovern had received it, the Director had no right to infer that appellant was guilty of violating the minimum price regulations. We disagree. In the face of the evidence that its president and managing officer had received these sums, and had filed the affidavit, it was the obligation of the Corporation to come forward with evidence that the Corporation had had no knowledge of Mr. McGovern's dealings, especially since N.J.S.A. 4:12A-35 provides that a license may be suspended or revoked when the Director is satisfied:
*167 "(11) That the applicant or licensee is a partnership, corporation, firm or association and any individual holding any position or interest or power or control therein has previously been responsible in whole or in part for any act on account of which a license may be denied, suspended or revoked pursuant to the provisions of this section or law or the similar laws which preceded it."
It is also to be noted that the Director is not bound by technical rules of evidence, N.J.S.A. 4:12A-11.
Mr. McGovern was available to testify and, indeed, was in active charge of the contest before the Director, as he is of this appeal. Since the Corporation offered no evidence whatever, the Director had the right to infer that the Corporation did have guilty knowledge of Mr. McGovern's activities, including the false report sworn to by him. Cf., Miller & Dobrin Furniture Company, Inc. v. Camden Fire Ins. Company Association, 55 N.J. Super. 205 (Law Div. 1959).
The Attorney General says that in "a parallel litigation in the Chancery Division" between the parties, the Corporation alleges that it "is `almost entirely owned' by Eugene J. McGovern." Without passing upon the question whether we have the right in this case to use that seeming admission against the appellant we prefer not to do so, but to rest our conclusion on the bases above stated.
The evidence above recited also sustains the finding of the Director that the rebates were paid under a "mutual or secret agreement" between the Corporation and the dealer, contrary to N.J.S.A. 4:12A-30.
Appellant's next argument is that before the Director may revoke a license he must find as a fact upon evidence produced at the hearing that (to quote from its brief) "the act allegedly committed * * * was causally related to or constituted * * * unfair, unjust, destructive and demoralizing practices" and that revocation was necessary, as of the time of the revocation, "for the purpose of correcting these unfair, unjust, destructive and demoralizing practices and to prevent demoralization of the agricultural interests engaged in the production of milk in this State."
*168 We find no merit in this contention. N.J.S.A. 4:12A-30 and 35 set forth the specific grounds for the revocation ordered in this case.
The next argument advanced by appellant is that on August 1, 1957, by Federal Order No. 27, "the United States Secretary of Agriculture has fully preempted the field of milk control in this area and thereby deprived the Director of authority to revoke appellant's license." We find this contention without merit for a variety of reasons. First, it was not raised below nor was any evidence introduced to support it. Second, the order did not become operative until August 1, 1957  seven months after the offenses charged. Third, the order has nothing to do with the price to be paid by a sub-dealer to a dealer. Finally, neither the order nor the statute under which it was adopted (7 U.S.C.A. §§ 602, 608c(5), 610) presently preempts the field which the Office of Milk Industry occupies.
Finally, appellant argues that the violations "did not legally justify permanent revocation of appellant's sub-dealer's license and, therefore, this penalty should be modified." In O'Dowd's Dairy v. Hoffman, 52 N.J. Super. 135, 142 (App. Div. 1958), this court summarized the sanctions which the Director is empowered to use to enforce compliance with the law and to punish infractions. The appellant contends that the Director should have instituted an action under N.J.S.A. 4:12A-39, 41 to recover a judgment for the penalty there provided. The maximum that the Director could have recovered in such a proceeding would have been $50 if the two checks were a "first" offense, or $250 if the second rebate check constituted a "second" offense. The Director had the right to consider this remedy insufficient, since the two rebate checks totaled $792.
As an alternative, appellant argues the Director should have obtained an injunction against the appellant, or made the appellant's license conditional upon future good behavior. Assuming the Director were able to obtain an injunction under N.J.S.A. 4:12A-44 after the Corporation *169 had ceased taking rebates, the injunction, or the conditioning of the license, would merely have been an admonition to the Corporation that it obey the law in the future  something every licensee is required to do without condition, injunction or admonition. We see no reason to criticize the Director for failing to use these alternatives.
There remained only revocation or suspension, amicable adjustment under N.J.S.A. 4:12A-43 having failed. Appellant does not say that there should have been a suspension rather than a revocation, nor does it ask that the revocation be reduced to a suspension. Appellant's counsel stated at the oral argument that a suspension, however short, would be as destructive of the appellant's business as revocation. We, therefore, do not pass upon the question whether here there should have been a suspension instead of a revocation, and conclude that the penalty has not been shown to be arbitrary or capricious.
The judgment is affirmed.