**Edward F. WARDE, Plaintiff,**

v.

**Marvin B. DAVIS and Barbara Davis, Defendants.**

**Civ. A. No. C–2761.**

United States District Court,
D. Colorado.

Nov. 28, 1972.

---

John J. Mullins, Jr., Denver, Colo., for plaintiff.

Howard M. Kirshbaum, Denver, Colo., for defendants.

## OPINION AND ORDER

CHILSON, District Judge.

This is an action by the plaintiff to recover from the defendant for services performed as a landscape architect and for expenses.

The matter came on for trial before the Court on October 4 and 5, 1972, at which time the Court made oral findings of fact and conclusions of law, determining that the plaintiff should have judgment against the defendant for $13,200, plus interest as allowed by law and for the plaintiff's costs to be taxed by the Clerk of the Court upon the filing of a bill of costs, subject, however, to the determination by the Court of the validity of defendant's defense that Chapter 10,

Article 2, C.R.S. 1963, 1967 Supp. bars any recovery by the plaintiff.

This statute pertains to the licensing of landscape architects, provides the procedure and standards for such licensing and the penalties and remedies for a violation thereof.

The general rule is:

"A contract made in the course of a business or occupation for which a license or occupation tax is required by one who has not complied with such requirement is unenforceable where the statute or ordinance expressly so provides, or where it expressly or impliedly, as a police regulation, prohibits the conduct of such business without compliance."

53 C.J.S. Licenses § 59, p. 711.

Defendant has cited the following cases which applied this rule and refused recovery by a plaintiff because the plaintiff was not licensed.

Food Management, Inc. v. Blue Ribbon Beef Pack, Inc., 413 F.2d 716 (8th Cir. 1969); Douglas v. Smulski, 20 Conn. Sup. 236, 131 A.2d 225 (1957); Gaisford v. Neuschatz, 201 So.2d 635 (Fla. App.1967); Jary v. Emmett, 234 So.2d 530 (La.App.1970); Elephant Lumber Co. v. Johnson, 120 Ohio App. 266, 202 N.E.2d 189 (1964); Gionti v. Crown Motor Freight Co., 128 N.J.L. 407, 26 A.2d 282 (1942); Cantrell v. Perkins, 177 Tenn. 47, 146 S.W.2d 134 (1941); Markus & Nocka v. Julian Goodrich Architects, Inc., 250 A.2d 739 (Vt.1969).

However, the statutes involved in each of these cases prohibited the conduct of the particular business without a license and the application of the rule barred recovery.

The statute here in question neither expressly nor impliedly prohibits the conduct of the business of landscape architect or landscape architecture without a license. The statute merely prohibits a person from holding himself out to be a landscape architect, unless he is licensed as such.

This is demonstrated by the following excerpts from the statute. 10–2–2 provides in pertinent parts:

"No person shall use the designation 'landscape architect' or 'landscape architecture', or advertise any title or description tending to convey the impression that he is a landscape architect, or practicing landscape architecture, unless such person is a registered landscape architect . . .."

§ 10–2–6 is captioned, "Exemptions." and provides in pertinent parts:

"None of the provisions of this article shall apply to the business conducted in this state by any horticulturist, nurseryman . . . or any other person, including, but not limited to, their right to plan and supervise in connection therewith, except that no such person shall use the designation 'landscape architect', 'landscape architecture', or any description tending to convey the impression that he is a registered landscape architect unless he is registered as provided in this article."

Nowhere in the statute is there any provision prohibiting the conduct of the business of a landscape architect without a license.

Cases dealing with statutes of this type have held that such statutes do not bar recovery for the services performed. Davis, Brody, Wisniewski v. Barrett, 253 Iowa 1178, 115 N.W.2d 839 (1962), the court was asked to interpret a statute for licensing architects which, like the Colorado statute in question, merely prohibited holding oneself out as an architect, as distinguished from conducting the business of architecture. The court, noting this distinction, stated:

"It is the act of using the title 'Architect', not the performance of architectural services, that is penalized. To say that, under the situation at hand, the penalty also includes a prohibition of use of our courts to collect for services legally performed, is to insert into [the statute] something which the leg-islature did not, directly or indirectly say."

To support its decision, the Iowa court cited Dunn v. Finlayson, 104 A.2d 830 (D.C.Mun.App.1954) which succinctly stated its reasoning on this question in this manner:

". . . it cannot be said that the purpose of the Act was to protect the public welfare since it only prohibited the use of the title of architect and in no way restricted the actual practice of architecture."

Shortly after the *Davis* decision, the Iowa legislature amended the licensing statute to expressly prohibit conducting business as an architect without a license. It was this amended statute that the court construed in the *Food Management* case, cited by defendant, *supra*.

It is pertinent here to point out that the plaintiff was licensed as a landscape architect in the State of California; that the defendant solicited the plaintiff in the State of California to perform the services which are the subject of this action; that the plaintiff never represented himself to the defendant as a landscape architect licensed as such in the State of Colorado, and that there is no evidence of any misrepresentations by the plaintiff to the defendant in this respect.

Applying the general rule to the facts of this case, it is obvious that the Colorado statute does not bar a recovery by the plaintiff, and additionally, the facts show no inequity to the defendant by the application of the general rule.

The Court therefore concludes and determines that the Colorado statute does not bar recovery by plaintiff.

It is therefore ordered that judgment forthwith enter in favor of the plaintiff and against the defendant in the amount of $13,200, together with lawful interest thereon in the amount of $2,369.50, and the plaintiff's costs to be taxed by the Clerk of the Court upon the filing of a bill of costs.