182 N.J. Super. 497 (1981)
442 A.2d 658
MARTIN TAVE t/a PRIVATEWAY APTS., PLAINTIFF,
v.
ISSUR FURST, DEFENDANT.
Superior Court of New Jersey, District Court Ocean County, New Jersey.
November 24, 1981.
*498 Ruben D. Silverman for plaintiff (Silverman & Silverman, attorneys).
Connie M. Pascale for defendant (Ocean-Monmouth Legal Services, Inc., attorneys).
SERPENTELLI, J.S.C.
The principal issue in this case is whether parties to a residential lease may waive the strictures of a local rent control ordinance and agree to a rental in excess of that which would be permissible under the ordinance.
The parties signed a memorandum which expressly set forth the maximum amount of rental chargeable under the Lakewood Township Rent Control Ordinance. In the same agreement the tenant knowingly waived the limit and agreed to pay a higher *499 amount. Now the tenant asserts that the contract is void because it contravenes the ordinance and the public policy which underlies the legislation.
Rent control ordinances do not depend on a showing of a housing emergency to pass constitutional muster. Hutton Park Gardens v. West Orange, 68 N.J. 543 (1975). The constitutional test applied is the same as any other exercise of the police power. We must ask, could the legislative body rationally conclude that the ordinance was in the public interest? Brunetti v. New Milford, 68 N.J. 576 (1975). Housing shortages, prevalence of exorbitant rentals, monopoly control of the housing market and widespread substandard housing are factors which can individually or jointly support the adoption of such controls. Chapter XIIIA of the codified ordinances of the Township of Lakewood, § 13A-1, embodies each of these rationales in the statement of purpose for its ordinance. The public policies encompassed in such considerations cannot easily be ignored.
An attempt to "waive" rent limitations is in reality an effort to assert that the private right to contract freely can supercede the public interest expressly and impliedly embodied in rental control provisions. The attempt must fail simply because the private interest has to yield to the public benefits flowing from valid police power legislation. Inganamort v. Fort Lee, 131 N.J. Super. 558 (Ch.Div. 1974); 5 McQuillin, Municipal Corporation (3 ed. 1969), § 19.37 at 493-497.
Our courts have stated on at least two occasions that a landlord may not charge a rent in excess of the maximum fixed under rent control legislation. Jamouneau v. Harner, 16 N.J. 500, 513 (1954); Lutz v. Goldberg, 7 N.J. Super. 288, 292 (App. Div. 1950). Additionally, it has been held that the payment of rent in excess of the maximum allowed by ordinance results in an unjust enrichment and entitles the tenant to restitution if the rent was paid either involuntarily or under compulsion due to the unavailability of housing accommodations. Brinkmann v. *500 Urban Realty Co., Inc., 10 N.J. 113 (1959); Jenkins v. Kaplan, 50 N.J. Super. 274 (App.Div. 1958). However, no decision in New Jersey has expressly held that a knowing or informed waiver of the rent control provisions is impermissible.
As the court pointed out in Jamouneau:
The basic right of private property perforce yields to an overriding public need. There is an ever-increasing demand for accommodation of the right of property and of contract to the inexorable needs and pressures of our complex economy and intricate social organism. The vital community interest is paramount. Utility rate contracts give way to this attribute of sovereign power; and the contractual arrangements between landlord and tenants as well. [16 N.J. at 514 citations omitted]
Furthermore, the various rationales supporting the adoption of rent control ordinances bespeak the need to establish reasonable balance in the contractual relationship of landlord and tenant. "Absent such legislative control, the principle of freedom to contract is non-existent and unilateral terms result." Shell Oil Co. v. Marinello, 63 N.J. 402, 408 (1973). Our courts have not hesitated to invalidate unconscionable contract provisions which tend to impede the public interest. Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528 (1967); Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358 (1968).
To permit the parties to a lease to obviate the rent control limitations of the ordinance would destroy the "highly important benefit and protection designedly sought to be conferred upon tenants as a class" (Brinkmann, supra, 10 N.J. at 121) by such legislation. The agreement in this case is therefore void because it contravenes the legitimate public policy considerations embodied in the ordinance.
While the lease in question may be deemed illegal, the public interest demands that the court not "give either efficacy or consolation to the efforts of a party to an agreement to subvert the administratively determined price structure." Marx *501 v. Jaffe, 92 N.J. Super. 143, 147 (App.Div. 1966). Since only the landlord could have benefited from this scheme, we should not permit him to chalk up the venture as a "good try" and compel the tenant to vacate because the lease has been invalidated.
A modified enforcement of the agreement giving the landlord the maximum rental allowable under the ordinance commends itself not only from the standpoint of preventing unjust forfeiture, but also as a possible deterrent to future efforts at undermining the salutory purposes of the rent control provisions. Cf. Cameron v. International Alliance of Theatrical Stage Employees, 118 N.J. Eq. 11, 20-21 (E. & A. 1935); 6A Corbin, Contracts, § 1522 at 761-762 (1962); Restatement, Contracts, § 601 (1932). Furthermore, in the event the landlord contends that the rental income which results from this decision is inadequate, he has the right to utilize the hardship provision of the rent control ordinance in question (§ 13A-12) to obtain a greater rental. Indeed, this is the course he should have pursued in the first instance rather than the vain attempt at circumvention of this available remedy.
Plaintiff raises several other legal arguments on the merits which I find to be without substance. Additionally, plaintiff challenges the jurisdiction of this court to decide the principal issue involved on the ground that the defense of the rent control ordinance constitutes a counterclaim in violation of R. 6:3-4. In fact, the "counterclaim" asserts a defense of payment since defendants have paid the maximum rent lawfully chargeable under the ordinance. Therefore, the issue is properly before this court.
Pending any further proceedings, which either party in this case may pursue, the tenant may remain in possession and the rental shall be limited to the maximum amount of rent which the parties agree is permitted under the present provisions of the Lakewood Township ordinance.